JOHN V. HUGHES v. WAPLES-PLATTER GROCER COMPANY ET AL.

Decided January 23, 1901.

1.—Conspiracy—Fraud—Hearsay Evidence.

Where the evidence sufficiently established an alleged fraudulent conspiracy, declarations made in pursuance thereof by one of the coconspirators were admissible in evidence over the objection that they were hearsay.

2.—Same—Proof of Conspiracy.

Upon an issue of fraud and for the purpose of showing the interest of a defendant and his motive for entering into the alleged conspiracy, by which the property in controversy was purchased at a collusive sale, the charter of a mercantile company showing on its face that he was a stockholder therein (such company having bought the property at that sale) may be given in evidence.

Error from Hunt. Tried below before Hon. Howard Templeton.

*Alexander & Thompson,* for plaintiff in error.

*Neyland & Neyland* and *W. H. Allen,* for defendants in error.

NEILL, ASSOCIATE JUSTICE.—So far as the questions to be determined between the parties to this writ of error are concerned, this case may be regarded as a suit in equity brought by defendants in error as creditors of one George W. Hardin, having a mortgage upon the real estate involved, the property of their debtor, to cancel and set aside a sale made by a substitute trustee by virtue of a prior mortgage, upon the ground that such sale was fraudulently made in pursuance of a conspiracy entered into between the plaintiff in error, the substitute trustee, and one J. H. Cook, for the purpose of defrauding defendants in error and depriving them of their lien on said property.

The court, before whom the case was tried without a jury, set aside the sale and canceled the deed made by the substitute trustee to plaintiff in error, John V. Hughes, and after decreeing a lien upon the property in favor of the latter by virtue of the mortgage under which such sale was made, to the extent of the indebtedness secured by said mortgage, it then, subject to said lien, decreed a foreclosure of their subsequent lien in favor of defendants in error.

The following, which we adopt, are the conclusions of fact (from which may be seen more fully the nature of this case) found by the trial judge:

"1. On and prior to the 22d day of November, 1894, one G. W. Hardin was a merchant doing business in the town of Quinlan, Hunt County, Texas, and that on said date he was insolvent, and was indebted to divers firms and persons and corporations, among them he was indebted to Powers Lumber Company in the sum of $1625 and interest, and to Hughes Bros. Manufacturing Company, of which corporation John V. Hughes, one of the defendants herein, was president, in the sum of $825 and interest, and to the Waples-Platter Grocer Company in,

the sum of $1125 and interest. That in order to secure the above named and other creditors, the said G. W. Hardin did, on the 22d day of November, 1894, make, execute, and deliver to Garnett N. Hardin, as trustee, a deed in trust for the benefit of the said creditors to the land in controversy and a stock of goods, ware, and merchandise in Quinlan, Hunt County, Texas.

"2. That at the time of the execution of the said deed of trust by the said G. W. Hardin, there existed two prior liens on the land in controversy; one in favor of G. M. Lumpkin for the sum of $238.80 and interest on the same, and one in favor of the Western Securities Company for the sum of $900.

"3. That shortly after the failure of G. W. Hardin and the execution of said deed to Garnett N. Hardin, the trustee sold the stock of goods, wares, and merchandise to Mrs. Ann Hardin, and there was thereupon organized a corporation known as the Quinlan Mercantile Company, with J. H. Coke as manager, and the business was conducted in a building on the land in controversy, and in the same house occupied by G. W. Hardin at the time of his failure and the execution of his trust deed, and Hughes Bros. Manufacturing Company and G. W. Hardin were interested in said corporation.

"4. That some time during November, 1895, John V. Hughes, president of the Hughes Bros, Manufacturing Company, one of the beneficiaries in the deed in trust executed by G. W. Hardin, and who had accepted said instrument, and J. H. Cooke and G. W. Hardin, conspired together to fraudulently procure the secret sale under the said prior lien of the Western Securities Company of the land in controversy, and to enable and procure John V. Hughes, the president of the Hughes Bros. Manufacturing Company, one of the accepting beneficiaries of the deed of trust executed by Hardin, to purchase said land in controversy and defraud the other beneficiaries and creditors of Hardin out of same; that they, acting together in said collusion, procured the secret appointment of S. J. Mason as substitute trustee in the deed of trust to the Western Securities Company, and that, acting together in fraud of the other creditors, they did fraudulently procure the secret sale of said property, and that John V. Hughes became the purchaser of the same for the sum of $900; said J. V. Hughes paying said $900 by the check or draft of Hughes Bros. Manufacturing Company on National Exchange Bank of Dallas, and that said sale was made during the pending of the suit.

"5. That after the purchase of said property by said John V. Hughes, he sold various lots of said property conveyed by said G. W. Hardin to said Garnett N. Hardin, trustee, and in which the beneficiaries had an interest, and from said sales realized a sufficient sum which, subtracted from the $900 and interest thereon paid by him for said superior lien, would leave the said John V. Hughes entitled to the sum of $291.65, the amount for which judgment was rendered in his favor, together with a foreclosure of his mortgage lien.

"6. That Powers Lumber Company acquired a lien on the land in controversy by virtue of the deed in trust executed by G. W. Hardin to Garnett N. Hardin, trustee, and its acceptance thereof; and that the Waples-Platter Grocer Company acquired a lien on said land by virtue of same instrument and its acceptance thereof; and that G. M. Lumpkin had a superior lien to either of these; and that W. H. Berry had a superior lien on the lots in Roberts to either of the above named parties for the sum of $170."

*Conclusions of Law.*—1. Certain declarations of J. H. Cook, an alleged coconspirator of plaintiff in error in the procurement of the fraudulent sale, were introduced in evidence over the latter's objection that such declarations were hearsay. The action of the court in admitting the declarations over such objection is made the basis of the first, second, and third assignments of error. That such declarations were hearsay being the only ground of objection to their introduction, it may be assumed that the evidence sufficiently established the alleged fraudulent conspiracy between the parties, and that such declarations were made in pursuance and furtherance of such conspiracy. And upon this assumption, which is fully borne out and warranted by the record, such declarations were unquestionably admissible in evidence. Gas Co. v State, 22 Texas Civ. App., 118.

2. Upon the issue of fraud and for the purpose of showing the interest of plaintiff in error and his motive for entering into the conspiracy, the charter of the Quinlan Mercantile Company, which shows upon its face that he was a stockholder and charter member, was properly admitted in evidence.

3. The decree of the court is fully supported by the pleadings and sustained by the evidence, and as no error is assigned which requires its reversal, it is affirmed.

*Affirmed.*

Writ of error refused.