GEORGE M. PERRY v. THE STATE OF TEXAS, EX RELATOR, GEORGE HORN.

Decided October 27, 1906.

**1.—Removal of County Judge—Petition.**

A petition for the removal of a county judge under article 3543 of the Revised Statutes, which alleged, in substance, that defendant was a member of an organization known as the Anti-Tax Party, whose object and purpose was to delay and defeat the collection of State and county taxes upon school lands, and that said judge conspired with other county officials and used his personal, political and official influence to accomplish the purposes of said organization, considered, and held sufficient under the provisions of said statute.

**2.—Same—Conspiracy—Evidence.**

In proof of a conspiracy acts of omission and commission of the defendant, and of his co-conspirators during the existence of the conspiracy, both before and after the date alleged in the petition, are admissible in evidence. Evidence considered, and held admissible.

Appeal from the District Court of Lipscomb County. Tried below before Hon. B. M. Baker.

*Hoover & Taylor,* for appellant.—No person can be removed from a county office for any act done prior to his election. A petition which fails to set forth in plain and intelligible words, the cause or causes alleged as the grounds of removal, giving in each instance with as much certainty as the nature of the case will admit of, the time and place of the occurrence of the alleged acts, is insufficient in law, and subject to demurrer. Sayles' Stats., arts. 3556 and 3534.

It is the duty of every tax assessor to place all unrendered lands upon the unrendered roll in the name of unknown owners. When such rolls are and were made out and presented to the Commissioners' Court for approval, they have no authority to act upon the same, except as to values. It is not their duty under law to refuse to approve the same because it is charged to unknown owners, if in fact they personally knew the name of the real owners. Their duty in this respect would not be otherwise in the event part of the land belonged personally to the members of the court. Sayles' Stats., arts. 3534, 3543, 5119 and 5128; Galveston Co. v. Galveston Wharf Co., 72 Texas, 557.

*Ben H. Kelly,* District Attorney, *C. Coffee* and *Theodore Mack,* for the State.—There appears no error in the action of the trial judge in overruling the general demurrer to plaintiff's first amended petition because, if relator or plaintiff was not qualified to institute the suit,

that matter being in the nature of a disability should have been pleaded by defendant or respondent. Hence since the disability of relator did not appear on the face of the pleadings, and the defendant not having pleaded it, the petition was good on general demurrer. Bland v. State, 38 S. W. Rep., 253; Rev. Stats., arts. 3542, 3543.

The statute vests the power to remove certain officers in the district judge as defined in the chapter of the Revised Statutes relating to "Removal of Officers;" this is conditioned upon the finding by a jury of the truth of charges; the statute provides that a petition shall be addressed to the District Court, setting forth in plain and intelligible words the cause alleged as ground of removal, with as much certainty as the nature of the case will admit of, etc., which petition must be sworn to, etc.; upon the trial no special issues can be submitted, but it is necessary for the jury to find under a proper charge whether the cause of removal be true in point of fact. The trial and all proceedings connected therewith is to be conducted in accordance, as far as possible, with rules and practice in civil cases. Since the statute makes it the duty of the district judge to remove an officer on the findings of a jury, it is not necessary for the relator to specifically pray for such removal. The relief follows as a matter of law, since the proceedings, rules of practice, etc., are governable as in civil cases. Poe v. State, 72 Texas, 625; Eberstadt v. State, 92 Texas, 94: Rev. State., arts. 3531, 3543, 3544.

CONNER, CHIEF JUSTICE.—This was a proceeding under chapter 2, title 74, of the Revised Statutes to remove appellant from the office of county judge of Ochiltree County for official misconduct. as defined in article 3534 of said chapter. The trial resulted in a verdict and judgment. adverse to appellant, and hence this appeal.

The principal assignments question the sufficiency of the petition and of the evidence to sustain the verdict. The gravamen of the charge, so far as necessary to here notice, is that about the 1st of December, 1905, as well as at various and sundry dates just prior and after said time, appellant was a member of an organization known as the Anti-tax Party, which had for its object and purpose the hindrance, delay and defeat of the collection of State and county taxes upon what is known as school lands; that appellant lent his personal and political influence and support, as well as his official position, and used and directed his official acts to effect the purpose stated; that he not only failed and refused to furnish complete lists of his own property to the tax assessor of said county for taxation for the year 1905, but that he also presided over the Commissioners' Court at the time when the tax rolls were before said court for equalization and approval, and then and there knowingly approved said rolls, knowing that the same listed property as that of unknown owners when the owners were well known. It was further charged that about the day in December mentioned, a conspiracy between appellant and a number of other persons and officers of said county existed having for its sole object the defeat of said school land tax; that appellant and others named in the petition. who included the county clerk, sheriff and tax collector and three of the county commissioners, conspired together, and that in aid of the objects of the

conspiracy, appellant on said day of December, 1905, as well as at other dates, called and held clandestine terms of the Commissioners' Court, accepted resignations of certain county commissioners and appointed others of like sentiment in their places, all of which was charged to have been done on appellant's part wilfully and corruptly.

While there are several special exceptions, we think they in the main amount substantially to general demurrers and we have concluded that the petition is sufficient as against a general demurrer, and also as against the third special exception to the effect that the petition was not sufficiently specific. We have also concluded that we would not be authorized under the evidence to set aside the verdict of the jury substantially affirming the material facts presented, and will dispose of the numerous assignments in a general way.

The petition directly alleged that appellant conspired together with others for a purpose that it must be conceded was unlawful, and it charged that appellant, as county judge, knowingly and wilfully acted in furtherance of the objects of the conspiracy. It was unncessary for the petition to set out the evidence tending to show such conspiracy. The petition did state certain specific acts done by appellant in furtherance of the objects of the conspiracy, giving the time and place of their occurrence with as much certainty, perhaps, as the nature of the case would admit. It can not be expected that conspiracies will be formed and that acts pursuance thereto will be done openly, and we can not say that the court erred in holding that appellee's petition was sufficiently definite in the respects pointed out in article 3543, prescribing the requisites of a petition in such cases.

Nor do we feel able to say that the court was in error in admitting proof that prior to appellant's election he was a member of and acting with a political party having for its object the defeat or delay of the taxes mentioned. It was charged that appellant was a member of and acting in conspiracy in December after his election, and proof of what he did and said before election was relevant to that issue. Nor will the fact that the school lands described in the petition were afterwards duly assessed and placed upon the tax rolls of the county, relieve appellant of an unsuccessful effort to prevent it. The evidence tends to show that the lands were so placed upon the rolls only in obedience to the special act of the Legislature approved April 17, 1905. (See General Laws of 1905, page 321.) The necessity and occasion of this Act of the Legislature may have been brought about by the very acts of appellant and his alleged co-conspirators. As explanatory of the fact that appellant and members of the Commissioners' Court subsequently approved the tax rolls as required by law, we think it was competent to show that prior thereto suits had been instituted to enforce such action. We think it was competent to show that appellant was present and, at least apparently, acted together with commissioners alleged to be in the conspiracy in passing a resolution during the summer of 1905 to the effect that they would not place the school lands upon the rolls. It needs no citation of the statutes to show that such a conclusion, if carried into effect, would result in at least delay in the collection of taxes; nor do we think there was error in permitting proof that upon the removal of James Whippo, the clerk of the County Court

and one of the alleged conspirators, the docket of the Commissioners' Court was not to be found in the county vault or court house by appellee, who was appointed as the successor of Whippo. If Whippo was a member of the conspiracy charged, his acts or omissions during its pendency and in aid thereof were admissible against all. Nor can we say that the court committed error in permitting proof that the Commissioners' Court, over which appellant presided, approved the tax rolls of the county with taxes thereon charged against school lands in the name of unknown owners, when the court and appellant knew to whom the land charged belonged. Article 5120 gives the power and makes it the duty of such court to correct errors in assessments, and it can not be said that the State and county can as effectively and expeditiously collect taxes against unknown owners as in cases where the owners are known.

We find no error in the charges given, nor in the action of the court in refusing special charges, and believing that the evidence sufficiently supports the verdict affirming the material averments of the petition under consideration, it is ordered that the judgment be affirmed.

*Affirmed.*

Writ of error refused.