## WELLS v. SCALES.   (No. 8370.)

(Court of Civil Appeals of Texas. Dallas.
May 8, 1920.)

**1. Evidence ☞253(1)—Declarations of conspirators in furtherance of the common design are admissible against others.**

Acts and declarations of conspirators pending the conspiracy and in furtherance of the common design are admissible against a co-conspirator, though done and said in his absence; consequently, where a mother and daughter conspired to extort money from defendant, and, when the mother was unable to make good her assertion that she was defendant's common-law wife, the daughter sued for breach of marriage promise, etc., evidence of acts and declarations by the mother in absence of the daughter was admissible.

**2. Appeal and error ☞926(3)—Preliminary evidence of conspiracy to justify admission of declarations presumed.**

Where the question whether a conspiracy between a mother and daughter to extort money from defendant was not submitted to the jury, there being no request for submission, and the court admitted as against the daughter, plaintiff in a suit for breach of marriage promise, etc., evidence of declarations of the mother that she·was defendant's common-law wife, etc., made in the daughter's absence, which would not have been admissible but for the conspiracy, it will be presumed that it was established.

**3. Evidence ☞253(1)—Letter by coconspirator admissible.**

In a daughter's action for breach of marriage promise, etc., where there was evidence that mother, daughter, and another had conspired to extort money from defendant, a letter written by the mother, stating she was defendant's common-law wife, *held* admissible.

**4. Appeal and error ☞1002—Findings on conflicting evidence not disturbed.**

The jury's findings on conflicting evidence will not be disturbed.

Appeal from District Court, Kaufman County; Joel R. Bond, Judge.

Action by Thelma Wells, by next friend, against H. L. Scales. From a judgment for defendant, plaintiff appeals. Affirmed.

John T. Spann and Allen & Allen, all of Dallas, for appellant.

Wynne & Wynne and Woods & Morrow, all of Kaufman, for appellee.

TALBOT, J. This is a suit for damages for breach of promise of marriage and for assault to rape, brought by the appellant against the appellee. Appellant alleged that she was 17 years of age when she was engaged to the defendant, and that defendant, on the 15th day of June, 1918, repudiated his contract of marriage with her, and that by reason thereof she has suffered actual damages of $50,000 and vindictive damages in the sum of $50,000. Appellee answered by certain special exceptions, general denial, and a special answer in which he charged that the suit was not founded in good faith, but was the result of a conspiracy on the part of plaintiff and her mother and father to blackmail him. Appellee alleged that he was about 60 years of age; that he had accumulated property of considerable value; that appellant's mother, Mrs. Delia Wells, in pursuance of a conspiracy between herself, husband, and daughter, to put him in a position to extort money from him, came to appellee and engaged herself to him as his housekeeper on his farm near Scurry in Kaufman County, Tex.; and that she and her daughter became members of his household, both representing that the mother was a widow and that the appellant was her daughter and the husband dead. Appellee further alleged that appellant's mother, in furtherance of the conspiracy formed, began a course of lascivious conduct with him, he believing she was a widow; that such course of conduct on the part of the mother continued with appellee until the spring of 1918, when the real purpose of appellant and her mother became known to appellee; that at this time appellant's said mother, Mrs. Delia Wells, asserted that she was the common-law wife of appellee, and as such demanded large sums of money·of appellee to have her abandon her claim upon him and his property; that appellee refused to pay money to the said.Mrs. Wells, or to the appellant, and that they then threatened to sue appellee for damages because he had been living with Mrs. Wells and because he had engaged himself to marry the appellant, and had refused to do so; that, appellee continuing to refuse to pay appellant's mother money and refusing to marry appellant, they moved away from the home of appellee, resurrected Darius Wells, father of appellant, and this suit was filed. Appellee further charges that he does not believe that the appellant ever had any feelings toward him other than that of a friend, and as a father; that she frequently expressed herself to the effect that she looked upon appellee and felt towards him as a father. Appellee set out the conspiracy in detail, and denied as absolutely false the charge that he attempted to take advantage of the appellant or ever intended or thought of causing her hurt or injury, or lead her to believe that he entertained for her any other feeling than that of the kindest friendship and regard. Appellant, by supplemental petition, denied the conspiracy alleged by appellee and charged that the same was interposed by appellee, knowing that it was false and done for the purpose of prejudicing her case.

---

The case was tried before a jury, and, from a judgment in favor of appellee, appellant appealed.

[1, 2] The first three assignments of error presented complain of the admission of certain testimony over the objection of the appellant upon the ground that such testimony was inadmissible because the conspiracy charged had not been proved. This testimony consisted of acts and declarations of Mrs. Delia Wells, mother of the appellant, and the proposition advanced is that—

"Before any evidence could be given of any act on the part of the plaintiff's mother not in the presence or within the knowledge of the plaintiff, a conspiracy must be established by proof between the plaintiff and her mother, and, there being no proof of any such conspiracy, it was error in the trial court to admit evidence of such acts on the part of the mother of the plaintiff."

The bills of exception show that the court permitted the witness Mrs. G. A. Smith to testify by deposition that Mrs. Delia Wells, mother of the appellant, had a conversation with the daughter of the witness, in which Mrs. Wells had stated that she was the common-law wife of H. L. Scales and had lived with him for three years, and permitted Miss Elsie Smith to testify that she had a conversation with Mrs. Delia Wells, the mother of the plaintiff, in the absence of the plaintiff, in which Mrs. Wells stated to her that she was a common-law wife of H. L. Scales and lived with him for three years and was going to bring suit against him as such common-law wife or would bring suit for breach of promise of marriage against defendant, and requested said witness to consult a lawyer for her in Corsicana as to bringing such suit. The conversations referred to were not had in the presence of or hearing of the appellant, and their admissiblity turns on the question of whether or not the testimony adduced established prima facie the conspiracy alleged. The testimony bearing upon the question is voluminous, and appellant does not point out wherein or why it is insufficient to show that the conspiracy charged existed. We have, however, examined the testimony and without detailing it hold that it is sufficient to establish prima facie at least the conspiracy alleged by appellee. If this is correct, there was no error, in our opinion, in admitting the testimony of which complaint is made. The rule is well established that acts and declarations of conspirators pending the conspiracy and in furtherance of the common design are admissible against a coconspirator, though said and done in his absence. Appellant's able counsel does not deny this rule of evidence, but simply asserts that the evidence in this case was insufficient to establish the conspiracy charged. The issue of whether or not the conspiracy charged had been established by the evidence was not submitted to the jury for its determination, and no requests for its submission appear to have been made. In such case, the evidence being sufficient to authorize it, the presumption will obtain that the court found that the conspiracy had been established.

For the reasons given above, there was no error in admitting the testimony complained of in assignment 3A. Besides, as we understand the record, the conversations detailed by some of the witnesses referred to in this assignment were had in the presence of the appellant.

[3] The third assignment of error is to the effect that the court erred in admitting in evidence a letter written by appellant's mother, Mrs. Delia Wells, to Miss Elsie Smith, which is as follows:

"May 19th, 1918.

"Miss Elsie Smith, Jewett, Texas: I am going to trust to your honor in writing you this letter. I am going to tell you something I think you should know. Please do not tell Mr. Scales what I am going to tell you. He is my man. I have been living in his home as his wife for three years and I am his wife in the eyes of God. You are a woman; I guess you know the ways of mankind. Please do not let him visit you anywhere. I have been honest with you and I hope you will be the same with me, for I think you are a good true woman. If you answer this letter, address it in a plain envelope. Delia Wells."

Practically the same objections were urged to the introduction of this letter as were urged to the introduction of the testimony complained of in the assignments above discussed, and, for the reasons given in holding that testimony admissible, we conclude there was no error in admitting the letter in question.

[4] The fourth assignment of error asserts that the answer of the jury to special issue No. 1 is not supported by the evidence and is contrary to the preponderance of the evidence; and the fifth assignment of error is that the answer of the jury to special issue No. 3 is likewise not supported by the evidence, and contrary to the preponderance thereof. Special issue No. 1 is as follows: "Was there a mutual promise or agreement on the part of the plaintiff, Thelma Wells, and the defendant, H. L. Scales, to marry?" And special issue No. 3 is as follows: "Did the defendant, H. L. Scales, commit an assault to rape upon plaintiff, Thelma Wells?" Both of these issues were answered in the negative by the jury, and, the evidence being conflicting upon both, they became issues of fact and not issues of law, and the jury's findings are binding upon this court.

Finding no reversible error in the record, the judgment is affirmed.