### WICHITA FALLS, R. & F. W. R. CO. v. MENDOZA. (No. 1293.)

(Court of Civil Appeals of Texas. El Paso. March 30, 1922.)

**1. Appeal and error** ⊗⇒713(3)—**How ruling on exceptions to pleadings must be shown stated.**

To be reviewed, a ruling on exceptions to pleadings should be shown by judgment of the court entered of record, and may not be presented by bills of exception.

**2. Railroads** ⊗⇒395—**Petition must show person injured was not trespasser.**

To render admissible evidence to show that plaintiff's husband was not a trespasser when killed, while walking to his home along defendant's right of way, the petition must allege facts justifying his use of the place as a highway.

**3. Death** ⊗⇒69—**Proper in wife's action to show deceased left a child.**

The petition in action for death of plaintiff's husband alleging that he left no children, defendant, to show absence of a necessary party plaintiff, and as affecting and bearing on the amount of the recovery to which plaintiff herself might be entitled, could introduce evidence that deceased left a minor child by a former wife, to whose support he contributed.

**4. Trial** ⊗⇒352(1)—**Form of submission of special issues of negligence and contributory negligence too general.**

The form of submission of the special issues of negligence and contributory negligence in action for death of one while walking along a railroad right of way by overturning of car by collision of trains, Was defendant guilty of negligence, as defined, in operation of its trains, and was deceased guilty of contributory negligence, as defined? held too general.

**5. Trial** ⊗⇒349(4)—**No general verdict on submission on special issues.**

The case being submitted on special issues, the jury should not be charged to find a general verdict on the answer of certain of the questions in a certain way.

⊗⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

**6. Trial ⌾═253(4)—Charge objectionable as disregarding questions of negligence and proximate cause.**

Charge to find for plaintiff if the jury find deceased was in the employ of a certain party and was not guilty of contributory negligence is objectionable as disregarding the questions of defendant's negligence and proximate cause of the death.

**7. Death ⌾═95(1)—Measure of damages present value of future contributions.**

The measure of damages for death of husband is improperly stated by charge allowing recovery of what deceased would have contributed in the future to plaintiff, rather than the present value thereof.

**8. Trial ⌾═232(3)—Effect of submission on special issues held destroyed by charge indicating effect of certain answers.**

Charge in connection with submission of case on special issues, by indicating to the jury the effect of their findings on certain thereof, destroys effect, and amounted to denial, of such a submission of the case.

**9. Trial ⌾═232(3)—Jury should be directly instructed as to burden of proof on special issues submitted.**

The case being submitted on special issues, the jury should be directly instructed as to the burden of proof on such issues; and an instruction that it devolves on plaintiff in a civil action to prove the material allegations of the petition, and on defendant to prove contributory negligence set up in the answer, is not applicable.

**10. Railroads ⌾═396(1)—Burden of proof of want of contributory negligence held on plaintiff.**

Under the petition and plaintiff's evidence showing that deceased for whose death action is brought was killed while walking home on defendant's right of way, without any allegation of facts justifying deceased's use of the place, burden of showing freedom from contributory negligence is on plaintiff.

**11. Railroads ⌾═359(1)—Peremptory instruction on theory of deceased being trespasser proper.**

The pleadings and evidence indicating that deceased, when killed by overturning of defendant's cars, was a trespasser on defendant's right of way, nothing being alleged or shown justifying his use of the place, requested peremptory finding for defendant should have been granted.

**12. Trial ⌾═219—On request, proximate cause should be defined.**

A proper definition of proximate cause should in a negligence case be given on request.

Appeal from District Court, Eastland County; E. A. Hill, Judge.

Action by Juliana Mendoza against the Wichita Falls, Ranger & Fort Worth Railroad Company. Judgment for plaintiff, and defendants appeals. Reversed and remanded.

Levy & Evans, of Ranger, and Thompson, Barwise, Wharton & Hiner, of Fort Worth, for appellant.

W. O. McNary, of Ranger, and Frank Judkins, of Eastland, for appellee.

HIGGINS, J. Appellee, the surviving wife of Catarino Mendoza, deceased, brought this suit against the appellant to recover damages for the alleged negligent killing of her husband. For cause of action it was alleged that on May 5, 1920, the deceased was employed as a section hand by the defendant, and upon the afternoon of the date stated returned from his work to Ranger on one of defendant's trains, and alighted therefrom at the depot in said town, and thereupon started walking to his home, and while walking by the side of defendant's track at and near the intersection of a switch line the defendant negligently ran or backed the train from which deceased had alighted into another train on or so near the track that the two trains collided, overturning one or two cars, knocking one or two cars off the rails, and in some manner the deceased was knocked from his feet and under a car, and so badly injured that death ensued shortly thereafter; that the collision was caused by the defendant's negligence in causing a train to run against the train from which deceased had alighted, or by causing the train from which he had alighted to run into another train standing upon the tracks or so near the tracks that there was not room for the trains to pass.

It is shown by the evidence that the deceased was living in a house on the right of way of the railway company about 1½ or 2 miles from the depot in Ranger. The defendant did not furnish the deceased the house to live in, and it was not a company house. On the date of the injury the deceased came into the town of Ranger from his work, being brought in by train. He and his fellow workmen alighted at the depot in Ranger. According to the testimony of a fellow workman, Manuel Berru, he and the deceased started to their home, walking upon or immediately adjacent to the railroad track. A passenger train came along, going in that direction, which they boarded and rode a part of the way, and the train stopped, whereupon they alighted and continued their way. It was raining heavily, and the wind was blowing hard. The two continued to walk upon or immediately adjacent to the track with their hats pulled down, and evidently maintaining no lookout whatever, and just as they approached or reached an intersection of the railroad track with a switch track they were struck by a train, or by colliding cars, and both injured. It is impossible to tell from the evidence the

exact circumstances under which the accident occurred.

It seems to have been made an issue in the evidence as to whether the deceased was an employee of the Railroad Company or of Hamon & Kell, contractors, who were building the road.

The case was submitted upon special issues. The court in its charge defined negligence, contributory negligence, and ordinary care, and immediately following said definitions submitted the case as follows:

"Bearing in mind the above and foregoing definition you will answer the issues of fact, as follows:

"Question No. 1: Was the defendant railway company guilty of negligence, as that term is above defined, in the operation of its trains and cars at the time of the accident in controversy in this case? Answer Yes or No.

"If you have answered the above and foregoing question in the negative, you will not further answer herein, but return your findings upon the first issue above submitted. But should you answer question No. 1 in the affirmative, and then only, you will answer the following question:

"Question No. 2: Was the deceased, the husband of the plaintiff in this case, while walking on or near the track and switches of the defendant company, at the time of the accident, guilty of contributory negligence as the same is defined in paragraph No. 2 of this charge? Answer Yes or No.

"Question No. 3: For whom was the deceased at work for and employed by at the time of the accident, was it Hamon & Kell or the Wichita Falls, Ranger & Fort Worth Railway Company? State which in your answer.

"If you have answered question No. 2 that the deceased was not guilty of contributory negligence, and you have further answered in response to question No. 3 that the deceased was working for the Wichita Falls, Ranger & Fort Worth Railway Company, then and in that event you will find for the plaintiff in damages equal to the amount that the deceased would have reasonably and probably contributed to the support and maintenance of the plaintiff during the time of the natural expectancy of the life of the deceased. And the form of your verdict should be: 'We, the jury, find for the plaintiff, and assess her damage in the sum of $———.'

"If you have answered question No. 2 you find that the deceased was guilty of contributory negligence, as that term is hereinabove defined, and you have further answered, if you have, that the deceased was employed by and working for Hamon & Kell, then and in that event you will find for the defendant, and the form of your verdict should be: 'We, the jury, find for the defendant.'

"But should you find in answer to question No. 2 that the deceased was employed by and working for the Wichita Falls, Ranger & Fort Worth Railway Company, you are instructed that the contributory negligence, if any, would not bar a recovery on the part of plaintiff, but that the damages shall be diminished by the jury in proportion to the amount of negligence attributable to the deceased.

"It devolves upon the plaintiff in a civil action to prove the material allegations in her petition contained by a preponderance of the evidence. The defendant having set up and charged in its answer that the deceased was guilty of contributory negligence, it devolves upon the defendant to prove such contributory negligence, if any there was, by a preponderance of the evidence."

The first question was answered in the affirmative; the second in the negative; the third was answered that the deceased was working for the appellant; and in response to the general instruction following question No. 3, the jury returned this verdict:

"We, the jury, find for the plaintiff and assess her damages in the sum of $10,000."

Thereupon the court rendered judgment in favor of plaintiff for $10,000, and the defendant appeals.

[1] Defendant first complains of the overruling of special exceptions attacking the sufficiency of the petition on account of the generality of its allegations of negligence. The record shows no entry by the court of any judgment upon the exceptions. The matter is attempted to be brought before this court by bills of exception approved and filed subsequent to the close of the term. The ruling of the court upon exceptions to pleadings should be shown by judgment of the court entered of record. It cannot properly be presented by bills of exception, as is here attempted. This matter was fully considered in Daniel v. Daniel (Tex. Civ. App.) 128 S. W. 469. To the same effect see Withers v. Crenshaw (Tex. Civ. App.) 155 S. W. 1189; Ilseng v. Carter (Tex. Civ. App.) 158 S. W. 1163; King-Collie Co. v. Wichita Falls, etc. (Tex. Civ. App.) 205 S. W. 748, and cases there cited.

In view, however, of retrial, it is not improper to say that the petition is objectionable in the particulars indicated.

[2] Error is assigned to the admission of the testimony of the witness Berru, to the effect that the company foreman, Mr. Stiffler, knew that the witness went to work along the route that he and the deceased were traveling at the time of the accident, and that the place where they were walking was a good trail and well beaten by people walking on foot. This testimony was evidently admitted for the purpose of showing that the deceased was not a trespasser at the time he was injured. Under proper pleading it would be permissible to show that he was not a trespasser, but the plaintiff's petition in this case alleges no facts to justify his using the railway right of way and track as a public highway and the objection that there was no pleading to authorize admission of this evidence is well taken.

[3] The plaintiff in her petition alleged that the deceased left no children. The testimony of several witnesses was excluded,

offered to show that the deceased had an eight year old child by a former marriage, living with the grandparents of the deceased, and to whose support the deceased contributed. This testimony was admissible for the purpose of showing, not only the defect of a necessary party plaintiff, but also as affecting and bearing upon the amount of the recovery to which the plaintiff herself might be entitled. As evidencing the improper effect of the exclusion of this testimony we note that the court in its judgment found as a fact from the undisputed testimony that the deceased left no surviving children.

[4] Error is assigned to the form of the submission of issue No. 1 upon the ground that it was too general. The objection is well taken. Railway Co. v. Guzman (Tex. Civ. App.) 214 S. W. 628; Jamison Gin Co. v. Measels (Tex. Civ. App.) 207 S. W. 365.

It may be that this matter does not present reversible error in view of the fact that the allegations of the petition were likewise general, and the record is not in such shape as to warrant us, in reviewing the overruling of the exceptions, to the petition on account of generality, but in view of retrial it is proper to say that the issue of negligence should not have been submitted in such a general form. The same observations apply to the objections urged to the form of issue No. 2.

[5-8] Error is assigned to that portion of the court's charge which reads as follows:

"If you have answered question No. 2 that the deceased was not guilty of contributory negligence, and you have further answered in response to question No. 3 that the deceased was working for the Wichita Falls, Ranger & Fort Worth Railway Company, then and in that event, you will find for the plaintiff in damages. equal to the amount that the deceased would have reasonably and probably contributed to the support and maintenance of the plaintiff during the time of the natural expectancy of the life of the deceased. And the form of your verdict should be: 'We, the jury, find for the plaintiff, and assess her damages in the sum of $——.'"

The following objections made thereto are well taken:

First. The same is a general charge, and not a special issue, and directs the jury to return a general verdict. See Moore v. Coleman (Tex. Civ. App.) 195 S. W. 212, and cases cited. See, also, Railway Co. v. Harrington (Tex. Com. App.) 235 S. W. 188.

Second. It directs the jury to find for plaintiff without respect to the negligence of the defendant or the proximate cause of the death of the deceased.

Third. The measure of damages is improperly stated, in that it allows the plaintiff to recover the full amount of future contributions, instead of the present value thereof, if any.

Fourth. In effect, it indicates and instructs the jury as to the effect of their findings upon special issues 1 and 2, and destroys the effect of the submission of the case on special issues, and amounts to a denial of the request made by the defendant for the submission of the case upon special issues.

[9, 10] Error is also assigned to the court's charge upon the burden of proof. This case was being submitted upon special issues, and the charge given was inapplicable. The court should have directly instructed the jury as to the burden of proof with reference to the special issues submitted. For the reason indicated, this assignment is sustained, as is also the one complaining of the court's refusal of the appellant's requested instruction for a proper charge upon the burden of proof. The assignment is also sustained which complains of the charge imposing upon the defendant the burden of proving deceased's contributory negligence. The pleadings and the evidence in this case bring it within the rule that the burden rested upon the plaintiff of relieving the deceased from the imputation of negligence by showing facts which free him from negligence. Railway Co. v. Shieder, 88 Tex. 162, 30 S. W. 902, 28 L. R. A. 538; Railway Co. v. Lewis (Tex. Civ. App.) 63 S. W. 1091; Texas Traction Co. v Wiley (Tex. Civ. App.) 164 S. W. 1029.

In this connection we may say now that the testimony in this case shows that the plaintiff was using the defendant's track as a passageway in going from the depot to his home, situated 1½ or 2 miles away. Upon retrial a verdict should be instructed for the defendant, unless the pleadings and evidence present an issue which will relieve the deceased from the apparent attitude of a trespasser. Railway tracks are not intended as highways for pedestrian purposes, and this record fails to disclose any reason why the deceased should not have gone home along the public highways provided for that purpose.

Complaint is also made of that portion of the court's charge directing a general verdict for the defendant. The case having been submitted upon special issues, the charge should not have been given.

[11] Complaint is also made of the refusal of a peremptory instruction to find for the defendant. What has heretofore been said with reference to the apparent attitude of deceased as a trespasser indicates our view that this instruction should have been given. See Railway Co. v. Mathis, 101 Tex. 342, 107 S. W. 530; Railway Co. v. Byrd, 102 Tex. 263, 115 S. W. 1163, 20 L. R. A. (N. S.) 429, 20 Ann. Cas. 137.

[12] Error is also assigned to the refusal of a definition of "proximate cause." A proper definition upon this subject should have been given.

There are a number of other assignments complaining of the refusal of special instructions requested by the defendant. We deem it unnecessary to consider the same in detail. Enough has been said to indicate the proper course to pursue upon retrial.

Reversed and remanded.