## DAVIS et al. v. MORRISON et al.
### (No. 2232.)

Court of Civil Appeals of Texas. El Paso. Feb. 14, 1929.

R. L. Holliday and Lea, McGrady, Thomason & Edwards, all of El Paso, for appellants.

Fred C. Foster, of Lincoln, Neb., and Kemp & Nagle and H. Potash, all of El Paso, for appellees.

WALTHALL, J. The statement of the nature of the case appearing in appellants' brief, being both concise and complete, will be adopted for the purposes of this opinion.

In a former suit, to which appellants were not parties, James S. Morrison sought a divorce from Eunice Alma Morrison, who filed a cross-action against him, on which she secured a decree of divorce and a judgment to the effect that lot 1, in block 7, Mundy Heights addition to the city of El Paso, Tex., known as the Lambeth apartments, was community property of the said James S. Morrison and herself, although standing on the deed records in the name of Ed C. Morrison, a brother of James S. Morrison, which property was awarded to Eunice Alma Morrison as her share of the community estate, free of a lien against said apartments in the sum of $11,-000, on the theory that the lien had been paid by James S. Morrison out of community funds, regardless of the fact that the notes which the lien secured and the lien itself were held in the name of Ina Dell Davis, appellant herein.

This lien was originally created by a deed of trust on the above property from Austin D. Crile and wife, its then owners, to Robert L. Holliday, trustee for First Mortgage Company of El Paso, to secure notes aggregating $11,000 which were transferred, together with the lien securing the same, to appellant Ina Dell Davis on or about March 24, 1925, a little over five months before the rendition of the above divorce decree on September 8, 1925.

The present suit was filed by appellee Eunice Alma Morrison, as plaintiff, against appellant Ina Dell Davis and First Mortgage Company of El Paso, Tex., and Robert L. Holliday, as defendants, to cancel the above-mentioned deed of trust and notes in the hands of the said Ina Dell Davis on the theory that she had not paid consideration for the transfer from the First Mortgage Company to her, but that it had been paid by James S. Morrison.

Morrison did not answer in the suit. Holliday and the First Mortgage Company disclaimed.

Ina Dell Davis appeared, answered, and filed a cross-action to recover judgment on the notes which she held and to foreclose the lien securing them.

Fred C. Foster, M. Nagle, and H. Potash intervened on the side of plaintiff, and claimed an interest in the property by virtue of an assignment from Eunice Alma Morrison in payment of attorney's fees.

A. B. Heath intervened on the side of defendant, and claimed an interest to the extent of $4,000 in the lien against the property which he asked to be foreclosed.

Over the protest of defendant Ina Dell Davis and intervener Heath, the court submitted the case to the jury, and on its special verdict rendered judgment in favor of plaintiff, Eunice Alma Morrison, and interveners, Foster, Nagle, and Potash, canceling the notes and lien.

From this judgment defendant Ina Dell Davis and intervener Heath appeal.

### Opinion.

On the one and only issue submitted, the jury found that the funds or liberty bonds which were used to take up the notes from the First Mortgage Company, on the Lambeth apartments, were the funds of either James S. Morrison or of James S. Morrison and his then wife, Eunice Alma Morrison.

Appellants submit there was no competent evidence to support the jury's finding. We do not concur in such conclusion. The evidence is circumstantial, but we think it sufficient to require the submission of the issue to the jury and to sustain the jury's finding thereon. The evidence covers several pages of the record, and it would serve no useful purpose to reproduce it here.

On the trial, the witness Foster, testifying on behalf of plaintiff and interveners, other than Heath, was permitted to testify, over objection of appellants, that the evidence was immaterial and irrelevant; that he, witness, was one of the attorneys for Mrs. Morrison in the instant case and in the former divorce case with her husband, James S. Morrison; that he was present and conducted the cross-examination of the witness James S. Morrison in the divorce case, and heard Morrison's testimony in the divorce case as to how he (Morrison) received the Liberty bonds which were turned over to First Mortgage Company; that Morrison testified the Liberty bonds

came by United States mail. Foster identified an envelope handed him as the envelope which James S. Morrison offered in evidence in the divorce suit as that in which the Liberty bonds came. The envelope referred to was introduced in evidence. The evidence shows the envelope to be nine and one-half inches long by four inches wide, with four two-cent stamps thereon, canceled at Woodlake, Cal., the date of cancellation being April 11, 192—. The writing on the envelope being as follows: In the upper left hand corner: "Ina Dell Orchards, Woodlake, California. (Address) J. Morrison, Hotel Sheldon, El Paso, Texas."

In the brief appellants submit that it was error to permit Foster to testify as to what Morrison had testified to in the former divorce suit with his wife concerning the receipt of the bonds in question through the mail; appellants Mrs. Davis and Heath not being parties thereto. Appellant Ina Dell Davis had testified on cross-examination that she sent the Liberty bonds from California to Morrison by registered mail. Morrison, while present as a defendant in the courtroom at the trial, was not called to testify by either side at any time.

The objection to the evidence was that it was "irrelevant and immaterial." Appellee Mrs. Eunice Alma Morrison alleged that she and James S. Morrison owned a large community estate, acquired during their marriage, but that appellants James S. Morrison, Ina Dell Davis, Ed C. Morrison, brother of James S. Morrison, Mrs. Morrison, mother of James S. Morrison, Mrs. Mae Johnson, his sister, A. B. Heath, uncle of Ina Dell Davis, or in any event some of them, had, prior to and subsequent to the execution of said notes, and at the time of the purported transfer thereof to Ina Dell Davis, conspired together to defraud appellee Eunice Alma Morrison out of her portion of said community estate and her interest in the property involved in the suit, and agreed between themselves that the notes involved here should be transferred to Ina Dell Davis, which notes, however, in truth and in fact were paid by appellant James S. Morrison out of the community funds of appellee Eunice Alma Morrison and said James S. Morrison, and that said appellants then and there caused the said notes and purported lien on said property to be transferred to said Ina Dell Davis, when in truth and in fact the said notes were fully paid and discharged with said community funds of appellee Eunice Alma Morrison and James S. Morrison, who were then and there husband and wife. The record discloses that, while the issue of conspiracy was not submitted to the jury, evidence was submitted apparently tending to show the participation in the alleged conspiracy by the parties charged. The record does not indicate whether the judge trying the case considered the issue of conspiracy had been shown.

The admitted testimony of the witness Foster merely identified an envelope as being the one James S. Morrison identified and testified to on the trial of the divorce suit between himself and his then wife, appellee Eunice Alma Morrison, as the envelope containing the bonds in question.

■■ The rule seems to be well established. that, where there is evidence tending to show a conspiracy as alleged in the petition, all acts, declarations, and statements of any of the conspirators during the existence and in furtherance of such conspiracy are admissible against all parties so acting together. If the parties charged with the conspiracy were acting together as alleged, and in furtherance of the matters to be presented before and at the time the divorce proceedings were pending, and in anticipation of the issues therein to be presented or that might be presented, in the matter of the settlement of property rights between the parties in the divorce proceedings, we think the objection to the evidence of Foster would not be tenable on the ground solely that Ina Dell Davis and A. B. Heath, nor either of them, were not parties in the divorce proceedings. In the absence of any evidence or statement by the judge presiding, we must presume that the evidence showed to his satisfaction the alleged conspiracy, that is, that Ina Dell Davis and A. B. Heath were acting together with James S. Morrison in the common design and purpose to effect the things charged as constituting the alleged conspiracy. We understand our courts to hold that overt acts done and declarations made by one acting in the conspiracy, and during its pendency, and in aid thereof, are admissible against all. Brown v. Chenoworth, 51 Tex. 469; Hughes v. Waples-Platter, 25 Tex. Civ. App. 212, 60 S. W. 981; Perry v. State, 44 Tex. Civ. App. 55, 98 S. W. 411; Witliff v. Spreen, 51 Tex. Civ. App. 544, 112 S. W. 98; Wells v. Scales (Tex. Civ. App.) 222 S. W. 303; Blum v. Jones, 86 Tex. 492, 25 S. W. 694; Whitmore v. Allen, 33 Tex. 356; 5 R. C. L. p. 1094 (citing Patch Mfg. Co. v. Protection Lodge, 77 Vt. 294, 60 A. 74, 107 Am. St. Rep. 765); 12 C. J. p. 632 et seq., stating the character of the evidence admissible and citing many cases, including this state and other cases than those above cited.

■ The burden was on appellants to have asked the court to charge that the declarations of Morrison were admissible against them only in the event the jury found a conspiracy existed. Pyron v. Brownfield (Tex. Civ. App.) 238 S. W. 725; Reese v. Carey Bros. (Tex. Civ. App.) 286 S. W. 311; Massie v. Hutchison, 110 Tex. 558, 222 S. W. 962; Blum Milling Co. v. Moore-Seaver Grain Co. (Tex. Com. App.) 277 S. W. 78.

Appellants submit that, appellee having pleaded that the notes held by the First Mortgage Company had been paid and satisfied with funds belonging to the community funds of Morrison and wife, and that appellant hav-

ing denied such allegation, and which issue having been submitted to the jury, the court should have instructed, the jury that the burden of proof was on appellee to establish the affirmative of that issue.

The case was submitted upon one issue, and in doing so asked the jury: "Do you find from a preponderance of the evidence?" Then follows the issue submitted. Appellants refer us to the following cases as supporting their contention: Kerr v. Blair, 47 Tex. Civ. App. 406, 105 S. W. 548; W. O. W. v. McCoslin, 59 Tex. Civ. App. 574, 126 S. W. 894; Moore v. Orgain (Tex. Civ. App.) 291 S. W. 583; M., K. & T. Ry. Co. v. Thomason (Tex. Civ. App.) 3 S.W.(2d) 106; Jenkins v. Moore (Tex. Civ. App) 230 S. W. 886; Boswell v. Pannell, 107 Tex. 433, 180 S. W. 593; Munger v. Hancock (Tex. Civ. App.) 271 S. W. 228; Sanger v. First Nat. Bank of Amarillo (Tex. Civ. App.) 170 S. W. 1087; Wichita Falls R. & F. W. R. Co. v. Mendoza (Tex. Civ. App.) 240 S. W. 570.

Appellants requested the court to give the following in charge to the jury:

"In connection with Question No. One submitted to you in the main charge, you are instructed that the burden of proof is on plaintiff to prove by preponderance of the evidence the affirmative of said question."

The requested charge was refused by the court, and no charge was given on the burden of proof.

In Wootton v. Jones (Tex. Civ. App.) 286 S. W. 688, it is said:

"In charging on the burden of proof in a special issue case, we think the proper practice is to point out to the jury where, and not upon whom, the burden of establishing by a preponderance of the evidence lies."

To the same effect is St. Louis Southwestern Ry. Co. v. Preston (Tex. Com. App.) 228 S. W. 932, in which it is said:

"To instruct the jury that the burden of proof [in a cause submitted upon special issues], was on the plaintiff to show, by a preponderance of the evidence, such facts as would entitle him to recover, would necessitate a further instruction, informing the jury as to which of the facts submitted were relied upon and necessary to entitle him to recover."

Appellants' requested special charge, under the above authorities, and others hereinafter referred to, was not a proper charge to have been given. The court submitted the issue to the jury as follows:

"Do you find from a preponderance of the evidence that the funds or Liberty bonds, which were used to take up the notes from the First Mortgage Company on the Lambeth Apartments, were the funds of either James S. Morrison or of James S. Morrison and his then wife, Eunice Alma Morrison?"

Without reviewing the cases here referred to by appellant, none of them, seemingly, were on special issues submitted under instructions similar to the instant case. Some of the cases were submitted under the general issue, and, of course, have no application to the case at bar. One of the cited cases (Moore v. Orgain [Tex. Civ. App.] 291 S. W. 583) says that it is not always necessary to give a charge on the burden of proof. In the cases of Jenkins v. Moore, Munger v. Hancock, Sanger v. First Nat. Bank, and Wichita Falls v. Mendoza, supra, referred to by appellants, on the several issues there submitted, the jury was not asked to answer a question by a preponderance of the evidence.

We are of the opinion that, where a case is submitted on special issues, a charge on the burden of proof is not necessary, where the court, as here, asks the jury, in propounding a question, if they find the same on a preponderance of the evidence.

Texas Power & Light Co. v. Bristow (Tex. Civ. App.) 213 S. W. 702, was submitted upon special issues, and in each instance the jury was instructed to return an answer in accordance with the preponderance of the evidence, and in each instance the question propounded was, "Do you find from a preponderance of the evidence," etc. The Austin court, speaking through Judge Jenkins, said: "We think this was a sufficient charge as to the burden of proof." A writ of error was denied. In Tarwater v. Donley County State Bank (Tex. Civ. App.) 277 S. W. 176, it is said:

"The evidence was entirely circumstantial and opinion evidence. This being the nature of the case, it was improper for the court to charge upon the burden of proof as to either of the issues."

In the last above-cited case Judge Hall cites Stocksbury v. Swan, 85 Tex. 563, 22 S. W. 963, in which case Judge Stayton said:

"In cases in which evidence is introduced by the respective parties, tending to prove and to disprove the issues of fact involved in the cause, occasion does not arise for declaration upon whom the burden of proof rests; for the question then becomes merely one of preponderance of evidence, which is for the decision of the jury under the evidence introduced, whether this be direct or circumstantial. In such cases a charge upon the burden of proof is more likely to mislead than to give a jury a correct view of their duties."

In Roberts v. Nowlin (Tex. Civ. App.) 9 S.W.(2d) 69, special issue No. 1 reads:

"Do you find, from the preponderance of the evidence in this case," etc.

The Amarillo court held that the effect of the charge was to place the burden of proof of that contention upon Nowlin, and was sufficient upon the burden of proof. Without further commenting from cases we have reviewed, we refer to the following as sustaining appellees' contention on the sufficiency of the charge on the burden of proof: O'Brien v. McDow (Tex. Civ. App.) 8 S.W.(2d) 561; Blum v. Strong, 71 Tex. 324, 6 S. W. 167;

Gulf, C. & S. F. Ry. Co. v. Bush & Witherspoon (Tex. Civ. App.) 136 S. W. 102 (citing many cases), in which the jury was instructed to answer, "as you may find from the evidence."

Finding no reversible error, the case is affirmed.