**Ralph C. LEWIS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 13–88–614–CV.**

Court of Appeals of Texas,
Corpus Christi.

June 15, 1989.

Rehearing Denied July 7, 1989.

Michael A. Maness, Houston, for appellant.

Daniel W. Shindler, Dist. Atty., Bay City and Jim Vollers, Austin, for appellee.

Before UTTER, SEERDEN and DORSEY, JJ.

OPINION

UTTER, Justice.

The trial court granted a motion for summary judgment in favor of the State which removed appellant, Ralph C. Lewis, from the office of Justice of the Peace, for incompetency and official misconduct. We affirm the judgment of the trial court.

The record reveals that the State filed a petition seeking appellant's removal from office because of fourteen different acts of alleged incompetency and official misconduct. Tex. Local Gov't Code Ann. § 87.001 et seq. (Vernon 1988). The State alleged that appellant committed the following acts under the color of his office that exceeded his official powers: assessed two fines that exceeded the amount permitted under Tex. Alco.Bev.Code Ann. § 105.06 (Vernon 1978); issued six arrest warrants without a complaint; impermissibly assessed five withdrawal fees; and issued one arrest warrant without a valid complaint in that the complaint was not signed and failed to

state facts which would constitute probable cause.

Thereafter, the State filed a motion for summary judgment wherein it asserted that no genuine issue of material fact existed and that it was entitled to judgment as a matter of law because appellant admitted during his deposition that he had issued the six arrest warrants without complaints and assessed five withdrawal fees. The State further alleged that appellant testified that he had engaged in unlawful behavior by knowingly making false entries in the above arrest warrants indicating that he had received sworn complaints when, in fact, he had not.

Appellant subsequently filed a response alleging that genuine issues of material fact exist because there was no evidence that he was guilty of incompetence or official misconduct as those terms are defined in Tex. Local Gov't Code Ann. § 87.011 (Vernon 1988). Appellant also filed an affidavit in which he stated that he never intentionally, knowingly, or deliberately engaged in unlawful behavior relating to his official duties and that he has neither been grossly ignorant of those duties, nor grossly careless in discharging those duties. As to the specific acts alleged in the State's motion for summary judgment, he stated that he neither intentionally violated the law nor acted for any improper purpose or motive. Appellant concludes that he has always acted honestly and in good faith in the performance of his official duties as Justice of the Peace and that he has never deliberately violated the law.

By his first point of error, appellant contends the trial court erred by granting summary judgment because the questions of whether appellant was guilty of "incompetency" or "official misconduct" in the performance of his official duties were issues of fact which could not have been resolved as a matter of law.

When reviewing the granting of a motion for summary judgment, we must consider the summary judgment evidence in the light most favorable to the nonmovant and indulge every reasonable inference in its favor. *Nixon v. Mr. Property Manage-*

*ment, Inc.,* 690 S.W.2d 546, 548–49 (Tex. 1985); *Wilson v. H.E. Butt Grocery Co.,* 758 S.W.2d 904, 906 (Tex.App.—Corpus Christi 1988, no writ). The movant's burden is to show that no genuine issue of material fact exists and that it is entitled to judgment as a matter of law. *MMP, Ltd. v. Jones,* 710 S.W.2d 59, 60 (Tex.1986); *Major Investments, Inc. v. De Castillo,* 673 S.W.2d 276, 279 (Tex.App.—Corpus Christi 1984, writ ref'd n.r.e.).

A Justice of the Peace may be removed from office for either incompetency or official misconduct. Tex. Local Gov't Code Ann. § 87.013 (Vernon 1988). Those terms are defined in Tex. Local Gov't Code Ann. § 87.011 (Vernon 1988) as follows:

(2) "Incompetency" means:

(A) gross ignorance of official duties;

(B) gross carelessness in the discharge of those duties

\* \* \* \* \* \*

(3) "Official misconduct" means intentional, unlawful behavior relating to official duties by an officer entrusted with the administration of justice or execution of the law. The term includes an intentional or corrupt failure, refusal, or neglect of an officer to perform a duty imposed on the officer by law.

The record reveals that appellant admitted during his deposition that he had committed each of the acts specified in the State's motion for summary judgment. Although appellant argues that he acted honestly and in good faith, that he never deliberately violated the law, and that the State offered no summary judgment evidence showing otherwise, these assertions are not defenses to the acts alleged in the State's petition for removal. An act may clearly be done honestly and in good faith, but still be grossly careless or amount to unlawful behavior. Further, there is simply no requirement that a person intentionally and knowingly violate the law. Rather, it is necessary to show that the person intentionally and knowingly engaged in conduct which constitutes a violation of the law.

In the present case, appellant has admitted that he committed the acts which were made the basis of the petition for removal from office. We have carefully reviewed the record and hold that there is no genuine issue of material fact and that the State was entitled to summary judgment as a matter of law. *Cf. Perry v. State,* 44 Tex. Civ.App. 55, 98 S.W. 411 (1906, writ ref'd); *Brackenridge v. State,* 27 Tex.App. 513, 11 S.W. 630 (1889, no writ). We overrule appellant's first point of error.

By his second point of error, appellant contends the trial court erred by granting summary judgment because Tex. Local Gov't Code Ann. § 87.018 (Vernon 1988) specifically provides that a Justice of the Peace may be removed from office "only following a trial by jury." Appellant complains that a summary judgment may not be used to remove an official from office.

Appellant is raising this issue for the first time on appeal. Constitutional and statutory rights may be waived by a failure to raise them at the proper time. *See Trevino v. Barrera,* 536 S.W.2d 75, 76–77 (Tex.Civ.App.—San Antonio 1976, no writ); *see also Stewart v. State,* 686 S.W.2d 118, 120 (Tex.Crim.App.1984), *cert. denied,* 474 U.S. 866, 106 S.Ct. 190, 88 L.Ed.2d 159 (1985); *Mercer v. Phillips Natural Gas Co.,* 746 S.W.2d 933, 936 (Tex.App.—Austin 1988, writ denied); *Texaco, Inc. v. Pennzoil Co.,* 729 S.W.2d 768, 856–57 (Tex.App.—Houston [1st Dist.] 1987, writ ref'd n.r. e.), *cert. dismissed,* — U.S. —, 108 S.Ct. 1305, 99 L.Ed.2d 686 (1988); *In re M.A.B.,* 641 S.W.2d 621, 623 (Tex.App.—Corpus Christi 1982, no writ). Although the question of the trial court's jurisdiction over a cause may be raised at any time, right to trial by jury does not bear upon the trial court's jurisdiction. We conclude that appellant's point of error presents nothing for review. We overrule appellant's second point of error.

The judgment of the trial court is AFFIRMED.