T. H. WITLIFF ET AL. v. H. F. SPREEN.

Decided June 30, 1908.

**1.—Continuance—Application Considered.**

The action of a trial court in overruling an application for continuance to procure the testimony of witnesses to disprove allegations of fraud in an amended petition filed upon the eve of trial, considered, and held error, in view of the pleading and the evidence upon the trial.

**2.—Jury—Several Defendants—Peremptory Challenges.**

When there is no fact issue between co-defendants they are not each entitled to the statutory number of challenges, although one of such defendants raises a distinct and separate issue between himself and the plaintiff.

**3.—Fraud—Evidence.**

Where a plaintiff charges defendants with conspiring with other persons, named in the petition, to systematically defraud the public in general and the plaintiff in particular, testimony of fraudulent transactions similar to that described in the petition, although plaintiff was not affected by them, are admissible in evidence in support of the allegations of fraud in the transaction with plaintiff.

**4.—Fraud—Specific Crime—Evidence.**

Although a plaintiff charges the defendants with fraud in procuring a certain deed from him, and with practicing fraud upon the public in general, it is error to permit the plaintiff to ask one of such defendants if he had not been arrested for swindling, and was under bond to answer said charge.

**5.—Deceit—Action for Damages—Rescission—Tender of Consideration.**

In an action sounding in damages for deceit it is not necessary that the plaintiff tender a return of the consideration; but in an action to rescind a contract of sale and recover the property sold, the plaintiff should tender a return of the property received by him.

**6.—Conversion—Measure of Damage.**

In a suit to recover for the conversion of property obtained by fraud, the measure of damage is the value of the property at the time it was wrongfully obtained, or its value at any time thereafter and prior to the trial, and not the value named in the fraudulent contract.

Appeal from the District Court of Austin County.  Tried below before Hon. L. W. Moore.

*Pennington & Schultz, Bell, Johnson, Matthaei & Thompson* and *Mathis, Buchanan & Rasberry,* for appellants.

*C. G. Krueger, L. J. Storey* and *J. T. Duncan,* for appellee.

PLEASANTS, CHIEF JUSTICE.—This suit was brought by appellee against the appellants, T. H. Witliff and Julius Witliff, to recover certain real and personal property described in the petition, or its value, and to cancel a deed made by appellee to T. H. Witliff conveying 152 acres of land, and a deed made by T. H. Witliff to Julius Witliff conveying the same land.

The original petition alleged, in substance, that the defendants and one Max Holtz had conspired together to cheat and defraud plaintiff by inducing him, through false representations, to purchase for his son, John Spreen, the right to sell in the State of Iowa a patent device known as the Peacock Bed Brace, the "patent right" for the manufacture and sale of which was owned, or claimed to be owned, by defendant T. H. Witliff.  Various fraudulent and deceitful acts and representations of the alleged conspirators are set out in detail in the petition, and it is alleged that, by reason thereof, plaintiff was induced to purchase said "patent right," and in payment therefor to turn over to the defendant T. H. Witliff the property described in the petition for recovery of which, or its value, the suit is brought.  The petition also asks for damages in the sum of $12,500 for the fraud and deceit alleged to have been practiced by defendants upon the plaintiff.

The suit was filed on April 30, 1907.  On June 14, 1907, three days before the trial of the case in the court below, plaintiff filed an amended petition in which he alleges a conspiracy on the part of defendants and said Max Holtz, and "one Robinson, one Montgomery, one Krause, one Rushing, one Williams and one Baxter Shemwell," to cheat and defraud "the public generally, and this plaintiff in particular."  The general method pursued by the alleged conspirators and the several acts of fraud charged to have been perpetrated against plaintiff are set out in detail.

The defendants answered by general and special exceptions, and general denial, and by several special pleas, the nature of which it is unnecessary to state.

The trial in the court below by a jury resulted in a verdict and judg-

ment in favor of plaintiff for the cancellation of the deeds and the recovery of all the property sued for, or its value.

The first and second assignments of error complain of the ruling of the trial court in refusing to grant defendants' application for a continuance. This application was based upon the inability of the defendants to procure the testimony of the parties named in the petition as coconspirators with defendants in the alleged fraud upon plaintiff. The amended petition alleging fraudulent acts on the part of the defendants and the co-conspirators named therein was filed only three days before the trial, and it appears without contradiction that it was impossible for defendants to have obtained the testimony of the parties with whom they were charged to be in conspiracy to defraud the public in general and the plaintiff in particular. It is alleged in the application for a continuance, which is verified by the affidavit of the defendants, that they expect to prove by said absent witnesses that all of the transactions by and between defendants and themselves were *bona fide,* and that no conspiracy existed between them to defraud or deceive the public or the plaintiff in this case. Under the allegations of conspiracy much evidence was introduced as to transactions in which the defendants and their alleged co-conspirators participated, and the materiality of the testimony for which the continuance was sought can not be questioned. We think the trial court erred in overruling the motion for a continuance, and the assignments complaining of this ruling must be sustained.

We will not discuss the remaining assignments of error in detail, but will content ourselves with a general statement of the legal principles which should control the rulings of the court upon another trial. There was no error in refusing the request of the defendants to allow each of them six peremptory challenges in selecting the jury to try the issues of fact involved in the case. There was no fact issue between the two defendants, and the fact that one of the defendants raised fact issues as between himself and the plaintiff which was not raised by the other defendant did not entitle each of them to six peremptory challenges in selecting the jury.

Under the allegations of the petition charging that the defendants had conspired with the other parties named in the petition to systematically practice fraud and deceit upon the general public and the plaintiff in particular, testimony of fraudulent transactions of the character described in the petition, with which the plaintiff was not connected, was admissible in evidence in support of the allegations of fraud in the transactions with the plaintiff.

The plaintiff should not have been permitted to ask the defendant Julius Witliff if he had not been arrested for swindling, and the objection of said defendant to such question, and to his answer thereto, to the effect that he had been arrested, and was under bond to answer such charge, should have been sustained.

Insofar as the cause of action alleged by plaintiff was one sounding in damages for deceit, it was not necessary for him to tender a release by his son, John Spreen, of all claim or right he might have to the "patent right" for the State of Iowa sold him by the defendants, but to entitle plaintiff to a rescission of the contract of sale and recovery of the consideration therefor the vendee in such sale should be a party to the

suit, or the plaintiff who furnished the consideration and now seeks to recover same should tender to the defendant a release by the vendee of all rights acquired by him under his contract of purchase.

In a suit to recover for the conversion of property obtained by fraud the measure of damages is the value of the property at the time it was wrongfully obtained, or its value at any time thereafter prior to the trial of the cause, and in such case it is error to charge the jury that the plaintiff is entitled to recover the value of the property as fixed by the fraudulent contract under which it was obtained.

What we have said disposes of all the assignments which present any error which is likely to occur upon another trial.

For the reasons indicated the judgment of the court below is reversed and the cause remanded.

*Reversed and remanded.*