## J. W. RIPY ET AL. v. MRS. ETTA LESS ET AL.

### Decided April 29, 1909.

**1.—Trespass—Knowledge and Intent.**

Evidence considered and held to support a finding that the trespass and cutting timber by defendant on plaintiff's land was intentional and not through mistake as to boundary lines.

**2.—Same—Damages—Cutting and Manufacturing Timber.**

The liability of a trespasser who cuts and saws into lumber the growing timber on another's land for the value of the manufactured article, attaches where the trespass is through culpable negligence to inform himself as to ascertainable boundary lines, as well as in cases of wilfully disregarding them.

**3.—Same—Conversion—Pleading—Burden of Proof.**

Where the owner of timber cut by a trespasser elects to proceed, not for recovery of the specific property, but for the value of the product manufactured therefrom by the trespasser, treating such manufacture and not the original taking, as a conversion, he assumes the burden of proving that the timber taken was so converted into lumber, and can not recover for its value as manufactured without such proof.

Error from the District Court of Bowie County. Tried below before Hon. P. A. Turner.

*Hart, Mahaffey & Thomas,* for plaintiffs in error.—Where a trespass is committed under a mistaken belief of right, and timber is cut down and manufactured, the measure of damages against a person for such conversion is the value of the trees or timber at the time and place the same was cut, and not of the manufactured lumber. Texas & N. O. Ry. Co. v. Jones, 34 Texas Civ. App., 94; Pettit v. Frothingham, 48 Texas Civ. App., 105.

*Smelser & Vaughan,* for defendants in error.

LEVY, ASSOCIATE JUSTICE.—The defendant in error, Mrs. Etta Less, joined by her husband, claiming that J. W. Ripy & Son, a firm,

and A. M. McDaniel, without consent or authority, intentionally and wrongfully trespassed upon her land and cut and removed therefrom 38,528 feet of timber and manufactured same into lumber at their saw-mill near Redwater, brought this action against them to recover the manufactured value of such timber, and also for damages for injuries done to the fence enclosing the land from which the timber was cut. The defendants in the suit below answered by general denial. The case was tried before the court without a jury, and judgment was entered in favor of defendant in error against the firm of J. W. Ripy & Son and in favor of A. M. McDaniel against defendant in error.

By their first assignment the plaintiffs in error contend that the court erred in holding that in cutting and removing the timber from the land they were guilty of a trespass of such a nature as would authorize a recovery against them for any greater sum than the value of the timber in its unmanufactured state at the time and place it was cut and removed. As is conceded in the written argument of counsel, it appears from the record that on the trial of the case no issue was made that certain pine timber had been cut and removed by plaintiffs in error from the land belonging to Mrs. Less, the defendant in error. There was an issue as to the amount of timber cut, but the trial court's judgment as to the amount of timber cut is supported by testimony. There is involved in the judgment of the court, which was excepted to and the exception noted in the judgment, the finding of fact, as alleged by defendant in error, that the plaintiffs in error without authority or consent, intentionally and wrongfully cut and removed the timber from the land and converted same to their own use and benefit. It was the claim of plaintiffs in error that they cut and removed the timber from the land under the honest belief that it belonged to them. We will not undertake to set out the entire evidence bearing on the question presented, in view of the result of the appeal. We, however, refer to certain features of it only for the purpose of indicating why we think this court would not be warranted in setting aside the finding of the trial court. Plaintiffs in error had purchased all the timber on the Wardell survey. Defendant in error owned the survey adjoining. Some twelve or fourteen years previous to the time in question the then owner of the survey of defendant in error enclosed the same with a wire fence, and by consent of the then owner of the Wardell survey embraced between 60 and 100 acres of said survey under the wire fence enclosure. The Wardell land enclosed lay in the northwest corner of the fence. Plaintiffs in error sought to purchase the timber belonging to the defendant in error, and the right to construct a tram across her land, but she refused to sell the timber or grant permission to lay the tram. It was shown that the employe of plaintiffs in error was by them directed to enter the enclosure and cut the timber from the Wardell. The employe was specifically directed by Lufton, who once owned the Wardell timber, that the Wardell land in the wire fence enclosure was located in the northwest corner of the enclosure. The employe went to the southwest corner of the enclosure and cut defendant in error's timber. We do not understand the record to reasonably account for this change of direction. It was further shown that there was no pine timber on

the Wardell under enclosure. Later a simple survey disclosed the fact that there was no timber on the Wardell under the enclosure. It does not appear that the boundary lines between the two surveys were in dispute or in confusion or were unascertainable by proper care. Under the circumstances stated, and especially when the specific direction of Lufton to the employe of plaintiffs in error is considered as to the location of the Wardell land in the northwest corner of the enclosure and his cutting the timber off the southwest corner, we do not think it could be held in the case that the testimony does not support the finding of the trial court that the plaintiffs in error did commit the trespass intentionally and not through mistake in the land lines. Every unauthorized entry on the land of another is trespass, and it is willful trespass if intended and deliberately done. It might not be a malicious act, because not intended to injure the owner. Every person who cuts timber upon his own land, or who intends to do so, owes a duty to an adjoining landowner to ascertain the boundary line of the adjoining land, if he can with diligence and care, so as to avoid trespassing upon such adjoining land; and if he neglects such duty, and negligently and carelessly or recklessly cuts beyond his own premises, he can not be said to have done so by mistake. The neglect of such duty is in itself evidence of a want of good faith. We do not understand that where timber is cut upon the land of another through either culpable negligence or the willful disregard of the rights of another, that the trespasser can avoid the larger damages allowed by law to be recovered. The rule announced in the case of Woodenware Co. v. United States, 106 U. S., 432 (27 L. ed., 230), has been followed. Missouri, K. & T. Ry. Co. of Texas v. Starr, 22 Texas Civ. App., 353, 55 S. W., 393; Texas & N. O. Ry. Co. v. Jones, 34 Texas Civ. App., 94, 77 S. W., 955; Petit v. Frothingham, 48 Texas Civ. App., 105, 106 S. W., 907; Young v. Pine Ridge Lumber Co., 100 S. W., 784. There it was announced that the full value of the property at the time and place of demand, or of suit brought, could be recovered against a willful trespasser. See Tignor v. Toney, 13 Texas Civ. App., 518; 4 Sutherland on Damages, section 1020; Wright v. Skinner, 16 So., 335; King v. Merriman, 35 N. W., 570.

By the second assignment it is contended that the court erred in rendering judgment for the manufactured value of the timber cut and removed, because there is no testimony that the timber cut and removed from the land was ever manufactured into lumber. We think this contention must be sustained. Defendant in error by her petition has treated the time of the manufacture of the timber into lumber as the period of conversion, and has so alleged, and seeks to recover the value accordingly. Assuming an intentional and wrongful taking, then we think that she has the legal right to treat the manufacture, if so, of the timber into lumber as the period of the conversion; and having so elected, as she has, there devolved upon her the burden of proof, before she could recover the enhanced or manufactured value, that the timber so taken was manufactured by plaintiffs in error into lumber. This proof is not in the record before us. Where the taking of timber is intentional and wrongful the principle of law is clear, we think, that the owner of the timber taken, as against the original tres-

passer, may elect, though not compelled, to fix the time of conversion and proceed, according to the circumstances of the given case, to recover. The time of conversion is not always fixed by the same circumstances, and depends upon the circumstances of the given case. A wrongful taking does not change the title to the property; it still remains in the owner, and may, by suit in sequestration, be recovered so long as its identity is perceptible to the senses. It may be recovered though its form has been changed and its value greatly enhanced by the labor of the party taking, as in the case of logs into lumber, leather into boots, and the like. It may in the new form be recovered, or compensation for its loss be claimed and recovered, because it is in that form still the property of the owner, and the wrongdoer is not entitled to compensation for the labor bestowed upon it. It is a principle of natural justice that a wrongdoer ought not to be allowed to make a profit by his own willful tort. Thus a tortious taking is sufficient proof of a conversion, but yet the owner may elect to consider the property as still his own and treat a removal or sale of it, or a manufacture of it into other forms, or a refusal to deliver on demand by the wrongdoer, as the period of conversion. The owner of the land from which the timber is taken might treat the removal from the land as the conversion and follow the logs to the mill and reclaim them at the mill, and upon refusal to deliver sequester them by suit or sue to recover the value of the logs at the mill at the time of the suit; or, if the taker has changed the character into lumber, the owner of the timber may, if capable of identification, recover possession of the same in the new form or sue to recover the full enhanced value of the timber in its manufactured state. As bearing on this point see Final v. Backus, 18 Mich., 218. When the period of conversion is fixed at the time enhanced value is placed upon the property, and is so plead, then it must be proved that the timber has been put into the state of enhanced value before a recovery for same is allowable. Unless the defendant be proven guilty of such particular kind of conversion, he could not be held liable for such.

By the third assignment it is contended that the judgment is excessive. The judgment being for the manufactured value of the timber into lumber, and there being no proof in the record that the timber was manufactured into lumber, it follows that this assignment must be sustained.

For the error indicated the case was ordered reversed and remanded.

                                            *Reversed and remanded.*