SAMPLES v. W. R. PICKERING LUMBER CO. (No. 1322.)

(Court of Civil Appeals of Texas. Beaumont. Jan. 26, 1926. Rehearing Denied Feb. 16, 1927.)

1. Master and servant ☞331—Corporation held not liable for exemplary damages for death from gross negligence of servants, where act was not directed or ratified (Workmen's Compensation Act [Vernon's Ann. Civ. St. 1925, arts. 8306–8309]).

In action against corporation for wrongful death, where award had been allowed under Workmen's Compensation Act (Vernon's Ann. Civ. St. 1925, arts. 8306–8309), no recovery for exemplary damages could be had for gross negligence on part of servants or employés of corporation, in absence of showing servants' act or omission was directed by corporation, or servants represented corporation as corporate officers, or that corporation ratified act or omission constituting gross negligence.

2. Pleading ☞34(3)—On demurrer, petition is construed most favorably as stating cause of action.

As against general demurrer, petition is construed most favorably as stating cause of action; all reasonable intendments in its favor being indulged.

Appeal from District Court, Shelby County; R. T. Brown, Judge.

Action by G. W. Samples, as guardian of the minor children of Allen Samples, deceased, against W. R. Pickering Lumber Company. Judgment for defendant, and plaintiff appeals. Affirmed.

S. M. Adams, of Nacogdoches, and E. H. Carter, of Center, for appellant.

C. A. Lord, of Beaumont, for appellee.

HIGHTOWER, C. J. The appellant, G. W. Samples, as guardian of the minor children of Allen Samples, deceased, filed this suit in the district court of Shelby county, seeking to recover of appellee, in his capacity as guardian, $3,000 as exemplary damages because of the alleged wrongful death of the said Allen Samples, which appellant alleged was caused by the gross negligence of the agents and servants and employés of appellee. Ap-

pellee answered by general demurrer and general denial.

When the case was called for trial, appellee presented its general demurrer to appellant's petition, and the trial court sustained the general demurrer, and, appellant having declined to amend, his petition was dismissed, and from that action this appeal is prosecuted.

It is shown by appellant's petition that appellee, the Pickering Lumber Company, is a private corporation engaged in the manufacture and sale of lumber, and that in connection with its business it owns and operates a railroad in Shelby county which is used for the purpose of hauling logs from the woods to its mill to be manufactured into lumber. It is further shown from appellant's petition that on September 21, 1922, Allen Samples, deceased, was in the employ of appellee, and that it was his duty under his employment, to perform certain services out in the woods, called the "front," where logs were gathered and loaded on' appellee's log train, and from there hauled to the mill; that while Allen Samples, on the date stated, was on one of the log cars operated by appellee, and where he had a right to be at the time, and while in the discharge of his duties as such employé, and while performing duties within the scope of his employment, he was caused to fall from the car on which he was riding, and the same ran over his body, and he was thereby killed. It is further shown by appellant's petition that appellee, at the time in question, was a subscriber under the Employers' Liability Act of this state, and carried a policy with an insurance company covering Allen Samples, as one of its employés. It is further shown by the petition that claim for compensation under the Workmen's Compensation Act (Vernon's Ann. Civ. St. 1925, arts. 8306–8309) of this state was presented to the Industrial Accident Board of this state by the children of Allen Samples, and was allowed, and that at the time of the trial of this case they were receiving regularly, under the board's award, compensation because of the death of their father.

As we have stated above, this is a suit for exemplary damages only, upon the theory and allegations of appellant that the death of Allen Samples was caused by gross negligence on the part of appellee, acting by and through its agents, servants, and employés.

As the only question presented for our consideration is whether the trial court was in error in sustaining the appellee's general demurrer to appellant's petition, it might be well to here copy so much of appellant's petition as states the manner and cause of the death of Allen Samples and the specific acts of negligence of appellee's servants and employés in charge of the log train at the time, and this portion of the petition is taken from appellant's brief:

"That the defendant agreed and obligated, and it became its duty, to well and safely carry and transport Allen Samples over its road as aforesaid, but the defendant failed to carry and transport the said Allen Samples over its road safely as aforesaid, but the defendant's agents, employés, and servants wantonly, carelessly, recklessly, heedlessly, negligently, and without due regard for the welfare and safety of the defendant's employés, failed and refused to conduct and manage the transportation of said Allen Samples in pursuance to its contract to well and safely carry and transport the said Allen Samples, in that the car on which the said Allen Samples was to be carried and transported to his place of work was violently jammed, knocked, and bumped into without fault or negligence on the part of said Allen Samples, and that said Allen Samples was thereby injured, etc.; * * * that the homicide was the proximate result of the willful act, omission, and gross negligence of the defendant's agent, employés, and servants, in that the defendant, by and through its agents, employés, and servants in furnishing transportation in pursuance with its contract, in that it furnished no safe place to convey the said Allen Samples to his place of work, and that, in coupling the car upon which the said Allen Samples was sitting waiting to be transported to the front, in being coupled to the engine, was bumped and run into by the defendant in a careless and reckless manner, and bumped, and knocked off the said Samples, and ran over his body, when by exercise of ordinary diligence, it could have known the dangerous position of the said Allen Samples; that at the time and place of said injury as aforesaid the defendant did not control, manage, and operate its said train, and that by reason of the manner in which the engine was operated and managed the said Samples was injured; that there was an entire want of care on the part of the defendant's agents, servants, and employés in making the coupling, in that the engine of the defendant was backed into the car at a rate of speed more than 20 miles an hour, and that by use of ordinary diligence the injury and homicide would not have occurred, as if the engine had been run and operated at a moderate rate of speed, a coupling could have been made, and the injury would not have been had,' but, on the account of the carelessness and negligence of the defendant's agents, servants, and employés as aforesaid, the said Allen Samples was injured, and that the acts of the defendant's agents, employés, and servants were the direct and proximate cause of the homicide; that plaintiff's wards were injured in the sum of $3,000," etc.

[1] It will be seen at once from the petition against which the general demurrer was directed and sustained it alleges that the death of Allen Samples was caused by gross negligence on the part of the agents, servants, and employés of appellee, and that it nowhere states, expressly or inferentially, that any of such agents, servants, or employés whose negligence caused the death of Allen Samples represented appellee in its corporate capacity or as a corporate officer, or that what any of them did was authorized or di-

rected to be done by appellee, or that appellee approved or acquiesced in any of the acts of such agents, servants, or employés which it is alleged caused the death of Allen Samples.

[2] We think that it is the well-settled law of this state that a corporation cannot be held liable for exemplary damages in a case of this character because of gross negligence on the part of an agent or employé of the corporation, unless the act or omission on the part of the agent, servant, or employé constituting the gross negligence was directed by the corporation, or that such agent, servant, or employé represented at the time of the act or omission the corporation in its corporate capacity, that is to say, was a corporate officer, or that the corporation ratified the act or omission constituting the gross negligence. Such being the law, in order for the plaintiff's petition in a case of this character to state a cause of action against the corporation, it is necessary that the petition show that the act or omission complained of as constituting gross negligence on the part of the agent, servant, or employé was directed by the corporation, or that he represented the corporation in its corporate capacity in some way, or that the corporation ratified in some binding manner the act or omission of the agent, servant, or employé. It is true that it is the well-settled rule in this state that as against a general demurrer the plaintiff's petition must be construed most favorably as stating a cause of action, and that all reasonable intendments in favor of the petition must be indulged. But, as we have stated, it is clear that appellant's petition in this case does not state that any of the agents or servants or employés of the appellee, whose acts or omissions appellant complains of, represented appellee in its corporate capacity at the time in any way, or that any of them sustained such a relation to appellee as would make it liable in exemplary damages for their gross negligence. Nor is it stated in the petition, expressly or even inferentially, that appellee directed any of such agents, servants, or employés to do, or omit to do, any of the acts complained of as being grossly negligent on their part. Nor is it stated, expressly or otherwise, that appellee ratified any of such acts or omissions. Nor is any fact stated in the petition from which it might be reasonably inferred that any of such agents, servants, or employés, in doing or omitting what is complained of by appellant, represented appellee as a corporate officer or in its corporate capacity in any way, or that appellee directed them to do or omit to do what they did, as complained of, or that appellee in any manner ratified what they did or omitted to do. On the contrary, we think that the reasonable inference from the petition is that Allen Samples' death was caused by the negligence of the engineer of appellee's log train, and certainly no reasonable inference can arise that the engineer of appellee's log train was a corporate officer of appellee, or that he represented appellee in its corporate capacity in any manner. We also think that no reasonable inference could be indulged, in considering the sufficiency of the petition, that appellee directed the engineer or any of its servants to do that which appellant alleged amounted to gross negligence. We also think that there is no fact stated in the petition from which it could be reasonably inferred that appellee ratified any of the alleged gross negligence on the part of its agents and servants, if there was any, which brought about the death of Allen Samples.

We think that the trial court correctly sustained the appellee's general demurrer to appellant's petition, and believe that our conclusion has support in the following authorities: G., C. & S. F. Ry. Co. v. Reed, 80 Tex. 362, 15 S. W. 1105, 26 Am. St. Rep. 749; I. & G. N. Ry. Co. v. McDonald, 75 Tex. 41, 12 S. W. 860; H. & T. C. Ry. Co. v. Cowser, 57 Tex 293; Robertson v. Magnolia Petroleum Company (Tex. Civ. App.) 255 S. W. 223; Railway Company v. Shuford, 72 Tex. 165, 10 S. W. 408.

The judgment of the trial court is affirmed.