## S. H. WHITLEY & SONS v. HANEY.
### (No. 3640.)

Court of Civil Appeals of Texas. Texarkana. Feb. 28, 1929.

Rehearing Denied March 7, 1929.

M. D. Carlock, of Winnsboro, and A. J. Britton, of Quitman, for appellants.

Bozeman & Cathey, of Quitman, and W. H. Barnes, of Forney, for appellee.

HODGES, J. In 1926 the appellee filed this suit against the appellants to recover the value of pine timber, which it is alleged the appellants cut and removed from a tract of land situated in Wood county, and which the appellee claimed to own. It is alleged in the petition that during the summer of 1925 the appellants unlawfully and wrongfully cut and removed from the above-described land pine timber equal to 113,000 board feet, which was later manufactured into lumber of the value of $2,301.25. The appellants answered by demurrers and general denial, and specially pleaded that, if they cut the timber, they did so under the belief that they had the right to do so; that prior to cutting the timber they purchased it from the party who had been in possession of the land, exercising control over the same for more than 20 years. H. L. Wilkerson, as the trustee in bankruptcy of W. R. Goodwin, bankrupt, filed a petition of intervention, claiming that the estate of Goodwin owned a half interest in the land. He prayed that as such trustee he be awarded a portion of the damages recovered in the suit. Before the case was tried Wilkerson died and R. P. Dorough was appointed trustee to succeed him. Some time after his appointment Dorough, as trustee, and the plaintiff, Haney, settled their conflicting claims to the ownership of the land, and Dorough withdrew the petition of intervention which had been theretofore filed by Wilkerson. After that withdrawal, M. D. Carlock and A. J. Britton filed a petition of intervention, alleging, in substance, that they had performed certain services as attorneys for A. M. Blount, a former trustee in bankruptcy of Goodwin's estate, whereby they were to be paid one-half of what they recovered. That petition of intervention was, upon objection

by the appellee as plaintiff in the suit, stricken out. After the testimony was introduced the court submitted the following special issues to the jury:

"Q. 1. Did the defendants at the time they cut the timber in question believe they had a right to do so? Answer: Yes.

"Q. 2. Was such belief based upon reasonable grounds? Answer: No.

"Q. 3. What was the reasonable cash market value of the timber cut by the defendants at the time and place the same was cut? Answer: $226.00.

"Q. 4. What was the reasonable cash market value of the lumber manufactured from the timber cut on the land in question at the time and place said lumber was manufactured? Answer: $1,356.00."

Upon those findings the court rendered a judgment against the appellants and in favor of the appellee for $1,356, the manufactured value of the timber.

We have concluded to pass over the objections of the appellee to the appellants' assignments of error based upon their failure to comply with the rules for briefing cases, and shall consider what we regard as the two controlling questions in this appeal. The first question is: Did the appellee own the land from which the timber was removed? The second is: Are the appellants liable for the manufactured value of the timber removed?

It is conceded that the appellants have no claim of title to the land. It is admitted that they cut and removed the timber without first obtaining the consent of the appellee or of any other person who had a title to the land. There is no complaint of the valuation of the timber as fixed by the jury. After a careful examination of the evidence, we think the appellee proved at least a prima facie title to the land, which was not shown to be defective. The only attack made upon his title is the claim that an undivided half interest belonged to the estate of Goodwin, bankrupt, and was held by the trustee in bankruptcy at the time the timber was cut and removed. The record shows that the trustee conveyed that interest to the appellee before the case was tried. So far as the record before us shows, there is no other person entitled to assert any claim whatever to an interest in the land. Carlock and Britton, whose petition of intervention was stricken out, relied upon a parol agreement with Blount, a former trustee of the Goodwin estate, which if made did not vest them with any interest in the land.

Passing to the second question, the evidence shows that the appellants secured permission to cut the timber from M. D. Carlock, who, they say, claimed to own the land. They agreed to pay Carlock only a nominal consideration, and at the time of trial had not

paid more than half of what they had agreed to pay him. The evidence shows that after appellants began cutting and removing the timber they were informed that appellee owned, or claimed to own, the land; but they ignored that information and continued to cut and remove the timber. They made no effort, either before or after, to ascertain who the true owner was. The appellee testified that he had paid the taxes on the land for a number of years, and that the land had been assessed in the name of Mrs. M. E. Gray, from whom he purchased it in 1915. We think the testimony warranted the jury in concluding that appellants had no reasonable grounds for believing that they had the right to cut the timber. Ripy et al. v. Less et al., 55 Tex. Civ. App. 492, 118 S. W. 1084, and cases there referred to.

██ The court did not err in refusing to submit the special interrogatories requested by the appellants. The issues submitted were a clear presentation of those made by the pleadings. Even if there was an error in dismissing the petition of intervention of Carlock and Britton, they alone could complain, and they have not appealed.

The judgment will be affirmed.