AGRICULTURAL BOND & CREDIT COR-
PORATION et al. v. SHEPHERD et al.
No. 4148.

Court of Civil Appeals of Texas. Amarillo.
Feb. 19, 1934.

Rehearing Denied March 26, 1934.

Sanders & Scott, of Amarillo, for appellants.

Philip Wolfe, of Pampa, and Kinney & Ritchey, of Miami, for appellee Cal Shepherd.

John F. Sturgeon, of Pampa, for appellee Lon Blanscet.

MARTIN, Justice.

Appellee Cal Shepherd filed suit in the district court of Gray county, Tex., against Lon Blanscet, sheriff of said county, and the Agricultural Bond & Credit Corporation of Chicago, for the unlawful conversion of 717 bushels of wheat "of the reasonable market value of $400.00." He sued further for exemplary damages in the sum of $1,000, alleging "that all of the acts in converting said wheat were willful and malicious and gross negligence on the part of said defendants and each of them."

Agricultural Bond & Credit Corporation, hereinafter referred to as the credit corporation, filed answer, the nature of which sufficiently appears in the opinion.

Sheriff Blanscet filed a general demurrer and general denial and a cross-action against the said credit corporation as principal and the United States Fidelity & Guaranty Company as surety upon a certain indemnity bond, the nature of which will appear hereafter.

The present controversy grew out of the following facts: On July 1, 1931, N. W. Shepherd, son of appellee Cal Shepherd, executed and delivered to said credit corporation his promissory note securing it by a chattel mortgage on "my ⅔rds interest in 250 acres of wheat * * * on the Cal Shepherd place in the north half of Sec. 188, Block B2 of Gray County, same to be delivered to mortgagee at White Deer, Texas, free from any charge, liens, etc. * * * This mortgage covers any other crops that may be grown on the above described land in the year 1931." Thereafter suit was filed against N. W. Shepherd on the above-described note and for a foreclosure of said chattel mortgage. In this suit a writ of sequestration was issued and levied upon 717 bushels of wheat on the place occupied by N. W. Shepherd, which was subsequently sold in part satisfaction of a judgment rendered in the aforesaid suit. The appellee Cal Shepherd claimed said 717 bushels of wheat as his own, alleging in his aforesaid suit that same was rent being held for seed wheat.

The trial was before the court, who sustained the claim of Cal Shepherd and entered

judgment in his favor against the said sheriff and credit corporation for the sum of $168.81 actual damages and against the said credit corporation for the sum of $150 exemplary damages, and further rendered judgment in favor of Sheriff Blanscet against the United States Fidelity & Guaranty Company on his cross-action for the sum of $168.-81 together with $100 as attorney's fees. The said credit corporation and the United States Fidelity & Guaranty Company alone have appealed.

There are a great many questions presented for consideration. Some of these are considered by us as being too trivial to consume space in their discussion. Others will pass out of the case by the disposition we make. We have concluded that this case must be reversed and remanded, and we discuss here only such controlling legal questions as we believe will enable the trial court to correctly dispose of the controversy herein.

■ We sustain appellant credit corporation's contention that the court erred in rendering a judgment for exemplary damages against it. We find no evidence in this record that any officer in position to bind the company did any act concerning the matter complained of or that the corporation with knowledge of the wrong alleged to have been done ever adopted or ratified any act of any alleged agent. We quote:

"The rule of law that the master is not liable in exemplary or punitory damages for the torts of the servant unless he authorized the same, or with knowledge of the wrong and its nature has adopted or ratified it, so as to make it his act in fact, is too well settled in this state to be now questioned. * * *

"No such authority is possessed by a local agent or a subordinate employee as a general rule, or at least we are not authorized to presume the existence of the authority upon their part in the absence of proof to that effect. * * *

"Where the act of the servant amounts to a crime, or is of a willful and malicious character, the law prima facie presumes that the perpetration of the wrong was not authorized before or sanctioned afterwards by the principal, and this presumption continues, until repelled by proof to the contrary." Gulf, C. & S. F. Ry. Co. v. Reed, 80 Tex. 362, 15 S. W. 1105, 1106, 26 Am. St. Rep. 749.

"It is now the settled law of this state, that, to make a corporation liable for exemplary damages, the 'fraud, malice, gross negligence or oppression' which must authorize and justify the same, must have been committed by the corporation itself, or some superior officer representing it in its corporate capacity; or, if committed by a subordinate servant or agent, the act must have been either previously authorized, or subsequently ratified or approved by the company or such superior officer after knowledge of the facts." Western Union Tel. Co. v. Brown, 58 Tex. 170, 44 Am. Rep. 610.

See, also, Samples v. W. R. Pickering Lumber Co. (Tex. Civ. App.) 291 S. W. 254; Wallace v. Finberg, 46 Tex. 50; 13 Tex. Jur. 250.

In this case a writ of sequestration was issued and served, but the record is bare of any proof as to who made the affidavit or whether any in fact was ever made. Appellee Cal Shepherd claims that the appellant credit corporation knew that this wheat was his before the issuance and service of the writ of sequestration, but his proof consists merely of a statement purporting to have been made by his son N. W. Shepherd to one Terry or Berry, he does not know which, who had some connection with the Credit Corporation, probably as an adjuster; his exact status not being clearly shown. This same witness also testified to having talked to J. Laverty after the levy of the writ, but it is testified to by Laverty, and not denied, that his only authority was to collect accounts in cash for the said credit corporation; that he was only an adjuster with a limited authority.

■ As we view the record, the credit corporation, under the rule stated above, has not been legally connected with any willful or malicious act nor any act of gross negligence, if any there was. Nor do we believe the opinion of Judge Nickels in the case of Chronister Lumber Co. v. Williams (Tex. Com. App.) 288 S. W. 402, changes the above rule. As we interpret this opinion, it merely gives the rule a somewhat broader application. It is still the law that the burden is upon the plaintiff to show an authorization or ratification of acts claimed to be malicious or those constituting gross negligence and made the basis of a claim for punitory damages.

■ The court entered its judgment for the market value of the wheat as of September 29, 1931. The wheat was subsequently sold and shows to have brought, about December 21, 1931, a gross sum of $221.81; that is, the market advanced from the time this wheat was taken into the possession of the credit corporation to where the advance made it.

the difference between the two sums last stated, and under these circumstances appellee contends that the court erred in awarding him the smaller instead of the larger sum.

The precise measure of damages for the conversion of chattels of a fluctuating value is involved in some confusion in Texas. We cite the following Texas cases upon this question: Stephenson v. Price, 30 Tex. 715; Witliff v. Spreen, 51 Tex. Civ. App. 544, 112 S. W. 98; Early-Foster Co. v. Mid-Tex Oil Mills (Tex. Civ. App.) 208 S. W. 224, 226; Burmarsal Co. v. Lake (Tex. Civ. App.) 272 S. W. 582; Grimes v. Watkins, 59 Tex. 133; Hancock v. Haile (Tex. Civ. App.) 171 S. W. 1053; Empire Transfer & Storage Co. v. Simon (Tex. Civ. App.) 249 S. W. 885; Corrigan v. Shell Petroleum Corporation (Tex. Civ. App.) 62 S.W.(2d) 663.

These authorities may be, perhaps, reconciled by keeping in mind the rule pointed out in the case of Early-Foster Co. v. Mid-Tex Oil Mills, supra. We quote from this case: "Where the conversion is not attended with fraud, willful wrong, or gross negligence, the measure of damages is the value of the property converted at the time of such conversion, with legal interest thereon to the time of trial. But where the conversion takes place under either of these circumstances, and the property converted is of changing value, the measure of damages is the highest market value of such property between the date of conversion and the filing of the suit. Bayle v. Norris, [Tex. Civ. App.] 134 S. W. 773; Witliff v. Spreen, 51 Tex. Civ. App. 544, 112 S. W. 98; Ripy v. Less, 55 Tex. Civ. App. 492, 118 S. W. 1084; Ry. Co. v. Starr, 22 Tex. Civ. App. 353, 55 S. W. 395." See, also, 40 A. L. R. p. 1286, where a multitude of cases are cited.

Since the court apparently found in this case that the conversion was willful, his judgment should have been for the higher instead of the lower amount, under the rule just quoted.

The court correctly overruled the plea in abatement filed by appellant United States Fidelity & Guaranty Company. Under the statute, Sheriff Blanscet had a right to bring in the principal and surety on the indemnity bond given him. Stevens v. Wolf, 77 Tex. 215, 14 S. W. 29; Article 1988, R. S. 1925.

Nor do we think the court erred in allowing the sheriff $100 attorney's fees as against appellant United States Fidelity & Guaranty Company, this because, in our opinion, such item was recoverable under the terms of the bond. The said indemnity bond stipulated, in part: "That the above bound * * * shall well and sufficiently indemnify, save and keep harmless the said Lon L. Blanscet * * * from all costs, charges, damages and suits that he may become liable for in consequence of the levy of said writ of sequestration."

It is believed that these terms are sufficiently broad to include attorney's fees. Eller et al. v. Erwin (Tex. Civ. App.) 265 S. W. 595; Southwest National Bank v. Employers' Indemnity Corporation (Tex. Com. App.) 12 S. W.(2d) 189.

The judgment is reversed, and cause remanded.