## MYATT v. ELLIOTT.

### No. 11004.

Court of Civil Appeals of Texas. Galveston.
July 11, 1940.

Rehearing Denied Oct. 3, 1940.

Geo. P. Willis, Jr., of El Campo, for appellant.

M. S. Munson, Jr., of Wharton, for appellee.

MONTEITH, Chief Justice.

This is an appeal in an action brought by appellee, A. E. Elliott, for the recovery of damages for the alleged conversion of a floating dredge. Appellant, J. L. Myatt, defended the suit upon the grounds of abandonment, a parol gift of the property to himself and an associate, and the two years statute of limitation.

The dredge in question is located in Dry Creek, a tributary of the Colorado

River in Wharton County, Texas; and is surrounded by lands under the control of appellant. By instrument dated April 2, 1937, the then owners of the property, Gulf Coast Water Company, transferred it by written assignment to appellee. Shortly after acquiring the property appellee informed appellant that he had bought the dredge and sought his permission to remove it from its then location. Permission was denied him on the grounds that the dredge belonged to appellant.

In answer to special issues submitted, the jury found that said dredge had not been abandoned by the Markham Irrigation Company; that J. L. Myatt and D. W. Beck did not take physical possession of the property in question; and that they had not asserted title to the property or claimed and used it as their own for more than two years prior to March 31, 1939. The market value of the property was found to be $3,500.

Based on the answers to said special issues, judgment was rendered in favor of appellee and against appellant for the sum of $3,500, with interest.

Appellant complains of the action of the trial court in striking that portion of his first amended original petition in which he sought to make the Gulf Coast Water Company a party to the suit, and in denying his application for a continuance for that purpose.

The record shows that this suit was filed on March 31, 1939. On May 22, 1939, the appearance day for the first term of court thereafter, appellant filed his original answer consisting of a general demurrer and general denial. The case was set down for trial at that time for June 1, 1939. When it was called for trial on that date, appellant filed his first amended original answer, for the first time seeking to make the Gulf Coast Water Company a party to the suit. He pled a parol gift of said dredge to himself and D. W. Beck by the Gulf Coast Water Company and sought judgment over and against it for any damages which might be rendered against him.

Article 1992, Revised Civil Statutes, provides that before a case is called for trial additional necessary or proper parties to the suit may be brought in by either plaintiff or defendant on such terms as the court may prescribe, but not at a time or in such manner as to unreasonably delay the case.

In construing this statute it has been uniformly held that where a pleading has been filed on the day of the trial seeking to make additional parties to the suit, the trial court is vested with a wide discretion in permitting the filing of amendments to the pleadings and in the making of additional parties. Ohmart v. Highbarger et al., Tex.Civ.App., 43 S.W.2d 975; Dayton Lumber Co. v. Stockdale, 54 Tex.Civ.App. 611, 118 S.W. 805; Texas Electric & Ice Co. v. City of Vernon, Tex. Civ.App., 252 S.W. 255.

In the instant case the Gulf Coast Water Company, which was sought to be brought in by amendment, was not a necessary party to the suit. The record shows that it was domiciled in an adjoining county and that to have permitted the filing of the amendment for the purpose of making it a party would, of necessity, have delayed the trial of the case until the following term of court. Under the above facts, this contention must be overruled.

Appellant complains of the action of the trial court in rendering judgment in favor of appellee for damages arising from the conversion of said dredge, for the alleged reason that no issue was requested by appellee or submitted by the court covering the issue of whether or not there had been a conversion thereof by appellant.

No issue was requested by either party as to whether there had been a conversion of said dredge by appellant. It is uncontroverted that appellee had a written assignment of the dredge from the record owner. The record shows conclusively that the dredge was surrounded by lands under appellant's control and that when appellee sought permission from appellant to remove it, permission was denied him on the ground that the dredge belonged to appellant. Under the above facts, it is obvious that unless appellant had a right to withhold said dredge from appellee no issue on the question of conversion by appellant was warranted.

The jury found, on sufficient evidence, that the Markham Irrigation Company had not abandoned said dredge and that neither appellant nor his associate, D. W. Beck, had taken possession of the property under claim of ownership for more than two years prior to the filing of the suit.

While appellant assigns error in the failure of the court to submit to the jury

his requested issue No. 1, which inquires as to whether the title to said dredge passed to the defendant and D. W. Beck by parol gift from the Gulf Coast Water Company, the record fails to show any facts which would, under appellant's pleadings, constitute a parol gift to him or show the authority in any officer or agent of the company to make such a gift.

The testimony on which appellant relies to prove a parol gift is a conversation with a Mr. Gusman, who is shown to have been a superintendent for the Gulf Coast Water Company at the time the gift was alleged to have been made.

Appellant testified that he had a conversation with Mr. Gusman, and that after said conversation he had claimed title to said dredge up to the date of the trial. The details of said conversation were stricken by the court and no proper exception was taken to the court's action. Gusman testified that he did not give said dredge to appellant or to Mr. Beck, and that he had no authority to give it to any one. There is no contention on the part of appellant that any one except Gusman ever gave the dredge to him or D. W. Beck. There is no evidence in the record that Gusman was authorized by the Gulf Coast Water Company to give said dredge to appellant and no pleading of apparent or implied authority in him or of a ratification of his authority with possession of the property in appellant.

■ It is the settled law in this state that in a suit for the conversion of property claimed to have been sold or given to defendant by an authorized agent of the owner thereof, the burden of proof is on the defendant to prove by a preponderance of the evidence that said agent was authorized by his principal to act in the capacity in which he is alleged to have acted. In the instant case, in the absence of any authority in Gusman to make the alleged parol gift to appellant, taken in connection with the jury's findings on the theory of the abandonment of said dredge and limitation, no error was committed by the trial court in failing to submit an issue as to the conversion of said dredge by appellant or appellant's requested issue as to whether the title to said dredge passed to appellant and D. W. Beck by parol gift. Butterworth et al. v. France, Tex.Civ. App., 66 S.W.2d 369; Lane et al. v. Sullivan, Tex.Civ.App., 286 S.W. 541; Winter v. Morgan & Williams, Tex.Civ.App., 256 S.W. 342; Kempner v. Huntsville State Bank, Tex.Civ.App., 282 S.W. 325.

Appellant assigns error in the refusal of the court to submit his requested special issue No. 2, as to whether or not appellant, Myatt, had removed any part of said dredge, and his special issue No. 3, inquiring as to the reasonable market value of said parts, if any were so removed.

■ There is evidence that certain parts of said dredge were removed by some one other than appellee, but the dates when said parts were removed are not fixed. However, we are unable to see the materiality of said requested issues. Appellee sued for the conversion of said dredge and in the alternative for his damages. The cause was submitted on the issue of damages for the conversion and judgment was rendered on this theory of the case. The fact that appellant was withholding the dredge and had refused to surrender it to appellee on demand constituted a complete case of damages for the conversion of the whole. It was not necessary to appellee's recovery of damages for conversion to show that appellant had actually used any part of said property. It is the settled law that when a wrong complained of amounts to a conversion the injured party has a right to so treat it and to sue for the value of the property. Crawford v. Thomason, 53 Tex.Civ.App. 561, 117 S. W. 181; Ripy v. Less, 55 Tex.Civ.App. 492, 118 S.W. 1084; Panhandle & S. F. Ry. Co. v. Talmage, Tex.Civ.App., 206 S.W. 862.

■ Further, the answer to either of said requested issues could not have affected the judgment rendered and the failure to submit them would not constitute reversible error. Brokaw v. Collett, Tex. Com.App., 1 S.W.2d 1090; Kirkland v. Oil Inv. Co., Tex.Civ.App., 41 S.W.2d 125; Citizens' Nat. Bank of Abilene v. Overstreet, Tex.Civ.App., 77 S.W.2d 250.

Appellant complains of the action of the court in admitting, over appellant's objection, testimony of the witness Benny J. Peters as to the value of the dredge at the time and place of the alleged conversion.

The record shows that while the witness Peters testified as to the market value of scrap iron at Bay City over the objection of appellant, he later testified as positively, and without objection, as to its value at the time and place of its conversion.

The record shows further that in connection with the testimony of the witness as to the value of scrap iron at Bay City he testified that he could move it to Bay City for $1 per ton.

Our courts have uniformly held that the proper measure of damage, where there is no market at the point at which the property in question is located, is its value where located, less the cost of transporting it to the nearest market where its value can be realized. St. Louis B. & M. R. Co. v. Droddy, Tex.Civ.App., 114 S.W. 902; Galveston, H. & S. A. R. Co. v. Brune, Tex.Civ.App., 181 S.W. 547.

We have fully considered all other propositions presented in appellant's brief. None of them, in our opinion, show reversible error. The judgment of the trial court will, therefore, be in all things affirmed.

Affirmed.