Leslie H. GRAVES, d/b/a Patrick & Graves, Appellant,

v.

Celina F. TREVINO et vir, Appellees.

No. 14467.

Court of Civil Appeals of Texas.

Houston.

Jan. 14, 1965.

Rehearing Denied Feb. 11, 1965.

Joe J. Newman, Houston and Frank C. Fourmy, La Porte, for appellant.

Ragan & Russell, and John L. Russell, Houston, of counsel, for appellees.

WERLEIN, Justice.

Our opinion of December 10, 1964 is withdrawn and the following opinion is substituted therefor.

Appellee, Celina F. Trevino, joined pro forma by her husband Salvador Trevino, sued appellant to recover damages for the unlawful, intentional and malicious conversion of merchandise allegedly owned by her, and also to recover exemplary damages. Appellant has appealed from the judgment of the trial court based on the jury findings: that appellee was the owner of the goods in question consisting of the contents of 17 cartons and 8 packages that entered the United States from Tijuana, Mexico; that the fair market value of such goods in the constructive possession of appellant was $30,000.00 when appellant refused to recognize appellee's ownership thereof in January and February, 1961; that appellee's actual loss in money sustained by reason of the loss of the goods was $30,000.00; and that appellee was entitled to exemplary damages in the sum of $10,000.00.

Appellant asserts that the court erred in entering judgment in favor of appellee since appellee's pleading shows that her husband was joined only pro forma and there was no pleading or proof that the property in question was appellee's separate property and that her husband, who was a necessary party, refused to join her as plaintiff in the suit. Appellee in her petition alleged that she was the constructive owner and entitled to the immediate possession of the property in question. She further alleged that the property was unlawfully converted by appellant to his own use, to her damage in the amount of $30,000.00, and that she was also entitled to exemplary damages in the amount of $50,000.00.

Appellee testified that she had been engaged in business as a merchant for about 25 years, dealing in the importation and purchase on a commission basis of textiles, clothing and numerous other kinds of merchandise, buying merchandise in England, Japan, United States and Switzerland, and that she operated her business under the registered name of C. F. Trevino. She further testified that she bought the goods in question in Tijuana, Mexico.

At the time this suit was filed Article 4614, Vernon's Annotated Texas Statutes, provided, among other things, that:

"(b) The wife shall, if she be 21 years of age or over and so elects as provided in subsection (d), have the sole management, control, and disposition of her separate property, both real and personal; and in connection therewith, she may, in her own name, contract and be contracted with, sue and be sued, without the joinder of her husband * * *"

Subsection (d) of such Article provided:

"A married woman 21 years of age, or over, may file with the County Clerk of the County in which she is a resident, a duly acknowledged statement that she thereby elects to have sole management, control and disposition of her separate property. From and after the date of filing of such statement, which shall be recorded by the County Clerk in the Deed Records of said county, such married woman shall have the full authority to deal with her separate property as set forth in subsection (b) * * *"

We have set out subsection (d) of Article 4614 to show that it was procedural in nature. After this suit was filed and before entry of judgment, Articles 4614 and 4626, V.A.T.S., were amended effective 90 days after May 24, 1963. Subsection (d) of Article 4614 was eliminated by the amendment of such Article, and Article 4626 was amended so as to read:

"A married woman shall have the same powers and capacity as if she were a feme sole, in her own name, to

contract and be contracted with, sue and be sued, and all her separate property, her personal earnings and the revenues from her separate estate which is not exempt from execution under the laws of Texas shall thereafter be subject to her debts and be liable therefor, and her contracts and obligations shall be binding on her."

■ Article 4626 as amended gave appellee the right to prosecute the suit to final judgment in her name as a feme sole if the property was her separate property. Such Article eliminated the former procedural requirement that she file a statement with the county clerk of the county in which she was a resident. It is our view that the change was procedural in nature, and that after the effective date of the amendment, appellee could, without joinder of her husband, prosecute the present suit to recover damages for conversion of her separate property. Hence it is immaterial in this case that the husband was joined only pro forma if the property was appellee's separate property. It does not appear on the face of the record when appellee and her husband were married or that they were married at the time the property in question was acquired by her. Therefore, there can be no presumption that the property in question was community property. Appellee testified that she owned the property in question and she alleged that she had constructive ownership thereof. The jury found that appellee was the owner of the goods in question, and that the fair market value thereof was $30,000.-00, and also that the actual loss which appellee sustained by reason of the loss of the goods was $30,000.00.

■ Under these circumstances, it cannot be said that the non-joinder of appellee's husband as a real party constitutes fundamental error. McCauley v. Consolidated Underwriters, 1957, 157 Tex. 475, 304 S.W.2d 265; Ramsey v. Dunlop, 146 Tex. 196, 205 S.W.2d 979; Halbert v. Upper Neches River Municipal Water Auth., Tex.

Civ.App., 367 S.W.2d 879, writ ref., n. r. e.; Schafer v. Stevens, Tex.Civ.App., 352 S.W.2d 471. Therefore, appellant's first two points, which assert error on the part of the trial court in entering judgment for appellee because there is no pleading or proof that the property was her separate property and because her pleading and proof show that appellee's husband, a necessary party, was not a party to the suit because joined only pro forma, cannot be considered by this Court since such points were not raised in appellant's amended motion for new trial nor otherwise presented in the trial court.

■ There seems to be no disagreement between appellant and appellee with respect to the measure of damages in a suit brought in trover or for conversion of personal property. The difficulty lies in the application of the general rules to the facts of this case. Ordinarily, compensatory damages for conversion of personal property are represented by the market value of such property at the time and place of conversion. In the instant case, appellee undertook to establish the market value of the goods in Harris County where it is conceded by both parties the conversion, if any, took place.

■■ Since appellee's evidence showed there was no market value in Harris County or Texas for such goods in quantity or bulk, she properly assumed the burden of proving the value of the goods at the nearest place where such goods in bulk could be bought and sold on the market and of proving the cost of transportation to such point which she testified was Tijuana, Mexico. An exception to the general rule is that where there is no market for the goods at the place of conversion, the measure of damages is the value of the property at the time of conversion at the nearest and most available place at which there is a market value, less the necessary cost of transportation thereto. Myatt v. Elliott, Tex.Civ.App., 143 S.W.2d 205, error dism., judg. cor.; Straley v. Fisher, 176 Va. 163, 10 S.E.2d 551. See

also 14 Tex.Jur.2d, p. 30, Conversion, § 26; 25 C.J.S. Damages § 88.

■■ The goods were shipped in quantities or in bulk in cartons, and were allegedly converted in such form. It has been held that in an action for conversion for a stock of goods the value at which the goods may be sold at retail, standing alone, does not afford a sufficient basis for determining their market value. Market value is what the goods could be promptly sold for in bulk or in convenient lots. Shield Co. v. Cartwright, Tex.Civ.App., 172 S.W.2d 108, and authorities cited, aff'd, 142 Tex. 324, 177 S.W.2d 954. It is our view that the reasonable market value of the goods in question would be the value of the goods contained in such cartons in bulk and that Mrs. Trevino was qualified to testify as to the reasonable market value of such goods at Tijuana, where she purchased them.

■ We have carefully read the entire statement of facts, and have concluded that there was evidence which warranted the submission of the special issues in question, and that we cannot say that the answers of the jury to such special issues are so against the great weight and preponderance of the evidence as to be manifestly wrong and unjust. In the absence of special exceptions thereto, we are of the opinion that appellee's pleading was sufficient.

■ There is no reversible error on the part of the trial court in permitting appellee to testify as to the actual loss in money to her as a result of the conversion, and in submitting Special Issue No. 3 inquiring as to the actual loss in money sustained by appellee as a result of the loss of the goods, in view of the fact that the jury upon ample evidence of the market value of the goods found that the fair market value thereof at the time appellant refused to recognize her ownership was the same amount as the actual money loss sustained by her. Rule 434, Texas Rules of Civil Procedure.

Appellee's motion for rehearing granted.

Judgment affirmed.